Elijah W. **RATCLIFF**, et al.,
Plaintiffs-Appellants,

v.

**STATE OF TEXAS**, et al.,
Defendants-Appellees.

No. 83–2172
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 19, 1983.

Elijah W. Ratcliff, pro se.

Theresa Ann Kraatz, Asst. Atty. Gen., Austin, Tex., for plaintiffs-appellants.

Before RUBIN, GARWOOD and JOLLY, Circuit Judges.

PER CURIAM:

Elijah Ratcliff is a disbarred Texas attorney. The other two plaintiffs are apparently business entities affiliated with Ratcliff. The present action was brought to recover money damages, to expunge the record relating to Ratcliff's criminal conviction and subsequent disbarment, and to reinstate his license to practice law. The businesses were alleged to have suffered derivatively as a result of Ratcliff's criminal conviction and disbarment.

Ratcliff has presented his complaints and arguments for judicial review on other occasions. *See Ratcliff v. State,* 504 S.W.2d 883 (Tex.Cr.App.) reh. denied (February 20, 1974); *Ratcliff, et al. v. State of Texas,* No. H–81–1245 (S.D.Tex., filed August 12, 1981), aff'd, 673 F.2d 1325 (5th Cir., 1982), reh. denied (April 26, 1983).

In the present action, both the State of Texas and the State Bar of Texas filed motions to dismiss on the basis of the doctrine of *res judicata.* The district court granted the motions to dismiss. It decided that the doctrine of *res judicata* precluded Ratcliff's action insofar as it sought to recover monetary damages. With respect to expunging the criminal and disbarment records and reinstating Ratcliff's license to practice law, the district court decided that these arguments were a collateral attack on Ratcliff's conviction and could be pursued only in an action brought pursuant to 28 U.S.C. § 2254. Attorneys' fees were awarded to the defendants.

The district court entered final judgment in this action on September 30, 1982. On November 12, 1982, Ratcliff filed a motion for a new trial. On December 20, 1982, the district court denied the motion. On January 3, 1983, Ratcliff filed a motion styled a

"Rule 60 Motion for Rehearing." In this motion, Ratcliff stated that his objective in presenting the motion was to obtain "review and rectification" of prior state judgments tainted by fraud. The district court denied this motion on March 9, 1983. On March 18, 1983, Ratcliff filed his Notice of Appeal of the Order which denied his Rule 60 Motion for Rehearing.

The appellees have filed a motion to dismiss Ratcliff's appeal as being untimely filed. Conceding, as they must that the appeal was timely if Ratcliff filed a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure, they argue that he did not file such a motion. Instead, the appellees contend that Ratcliff's motion was obviously a request that the district court reconsider its order of December 20, 1982, on substantive grounds.

The appellees also point out that nowhere in Ratcliff's motion is there ever mentioned any of the Rule 60 reasons which must be present before a court may relieve a party from a final judgment or order.

The appellees' argument has merit. By his self-styled Rule 60 motion, Ratcliff was obviously not seeking any relief contemplated by Rule 60. It should be obvious that he used Rule 60 because he realized that he could not file a timely appeal of the judgment and could only reach this court by using Rule 60. Because Ratcliff's motion cannot be treated as a Rule 60 motion, his appeal is untimely and must be dismissed.

IT IS ORDERED that the motion of the appellee, State of Texas, to dismiss the appeal is GRANTED.

Rule 38 of the Federal Rules of Appellate Procedure provides that a court of appeals may award double costs to the appellee if it determines that an appeal is frivolous, It is obvious to us that the present appeal was prosecuted for the purpose of harassment or out of sheer obstinacy. It is wholly and thoroughly frivolous. It is also evident that the appellant, who is not without practical experience in the law, has wasted a good deal of the time of the district court and this court in reviewing his complaints which we have seen in this court before and which he has apparently sought to litigate in the state courts as well. Based on these circumstances, we are compelled to conclude that the assessment of double costs is necessary in this case.

APPEAL DISMISSED.