UNITED STATES of America, et al., Plaintiff-Appellee,

v.

John R. MONTGOMERY, Defendant-Appellant.

No. 85–1376
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 11, 1985.
Rehearing Denied Jan. 10, 1986.

John R. Montgomery, pro se.

Glenn L. Archer, Jr., Michael L. Paup, Wynette J. Hewett, Douglas G. Coulter, Asst. Atty. Gens., Tax Div., Dept. of Justice, Chief, Appellate Sec., Washington, D.C., for the U.S.

Before CLARK, Chief Judge, WILLIAMS and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Appellant, John Montgomery, denominates himself a "sovereign body". He claims to have revoked his Social Security number "and has further quiet title on himself and also revoked past or present use of the Uniform Commercial Code." In common parlance, of which he disapproves, he is a tax protestor asserting that he cannot be made liable for the payment of federal income taxes.

As part of his tax protest appellant filed $1,000,000 "common-law" liens against the property of employees of the Internal Revenue Service who were undertaking to collect his income taxes. These Internal Revenue Service employees and the United States brought this suit against appellant to have the liens declared null and void, to expunge them from the county records, and to enjoin appellant permanently from filing similar documents against public officials or employees of the federal government. On March 29, 1985, the district court granted summary judgment in favor of the government and its employees. The court declared the liens to be void and enjoined appellant from filing such documents in the future. The court awarded costs and attorney's fees against appellant.

On April 15, 1985, appellant served a motion for a new trial. That motion was denied as untimely on May 10, 1985, because it was not filed within ten days of the entry of judgment as is required by Rule 59(b), Fed.R.Civ.P. An order fixing the amount of attorney's fees was entered by the court on June 3, 1985, and appellant filed his notice of appeal on June 7, 1985.

█ The only issues which are properly before this Court on appeal are the issues involving the denial of the motion for a new trial on the ground that it was untimely filed and the amount of attorney's fees. The appeal was timely filed with respect to these two orders which were entered on May 10, and June 3, respectively. Appellant's notice of appeal cannot cover the original judgment of the court cancelling the common-law liens and enjoining taxpayer from filing any such liens against federal officials in the future because the notice of appeal, filed on June 7, 1985, was filed more than sixty days after March 29, 1985, the date the district court granted judgment in favor of the government and the employees.

██ The failure to file a timely notice of appeal is jurisdictional and cannot be waived. *Pryor v. U.S. Postal Service,* 769 F.2d 281, 284 (5th Cir.1985). We recognize that the notice of appeal was timely filed to appeal from the order of May 10, denying the new trial on the ground that the motion for the new trial was untimely filed. We deny the appeal from this order on the merits since it is obvious on the face of the record that the motion for a new trial was untimely as not having been filed within the requisite ten day period. Fed.R.Civ.P. 59(b).

██ It follows that appellant cannot avail himself of the provision of Rule 4(a)(4)(iv), Fed.R.App.P., because his motion for a new trial also was invalid as not timely filed. Thus, the sixty day period began to run at the time of the court's original judgment on March 29, and not on the date of the court's order denying the motion for a new trial which was issued on May 10, 1985.

█ Appellant seeks to circumvent these conclusions as to timeliness by arguing that his appeal is under "admiralty law" which gives ninety days to file an appeal, and the support for this contention is his assertion that Washington, District of Columbia, is located on the Potomac River. This is as irresponsible and frivolous an argument as this Court can envisage.

█ This Court has "sound[ed] a cautionary note to those who would persistently raise arguments against the income tax which have been put to rest for years. The full range of sanctions in Rule 38 hereafter shall be summoned in response to a totally frivolous appeal." *Parker v. Commissioner,* 724 F.2d 469, 472 (5th Cir.1984). Appellant in his defense in this case persisted in reiterating the time-worn arguments of

those persons who are attempting to avoid their fair share of the costs of the government that organizes the society in which they live. The district court properly charged appellant with attorney's fees.

This appeal is patently frivolous. As sanctions under Fed.R.App.P. 38, we award double costs, and reserve to the Commissioner his right by timely petition to have this Court fix his reasonable attorney's fees and other costs as damages for this frivolous appeal. *Knoblauch v. Commissioner of Internal Revenue,* 749 F.2d 200, 203 (5th Cir.1984), *enforced,* 752 F.2d 125, 128 (5th Cir.1985).

AFFIRMED.