**Johnnie ELEBY, wife of/and Edward Charles, Plaintiffs-Appellants,**

**v.**

**AMERICAN MEDICAL SYSTEMS, INC., Defendant-Appellee.**

No. 86–3230
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 25, 1986.

Robert N. Clarke, Metairie, La., for plaintiffs-appellants.

Montgomery, Barnett, Brown & Read, Wood Brown, III, New Orleans, La., for defendant-appellee.

Before POLITZ, GARWOOD, and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

This is an appeal from the district court's dismissal of a personal injury action for failure to prosecute and for failure of plaintiffs' counsel to comply with orders of the court.

■ The first issue before us concerns our appellate jurisdiction. The district court's order of dismissal was entered December 3, 1985. On December 17, 1985, plaintiffs-appellants served and filed their motion to reopen. The motion to reopen was denied by order entered January 15, 1986. A second motion to reopen was served on January 22, 1986, and it was denied by order entered February 20, 1986. Within thirty days thereafter, on March 19, 1986, plaintiffs gave notice of appeal from the order entered February 20, 1986. Since the December 17, 1985 motion was served more than ten days after the December 3 order of dismissal, it was not a timely motion under Rule 59(e), Federal Rules of Civil Procedure, and hence did not extend the time for filing notice of appeal from the December 3 dismissal under Rule 4(a)(4), Federal Rules of Appellate Procedure. The December 17, 1985 motion is hence considered one under Rule 60(b), Federal Rules of Civil Procedure. *Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 667 (5th Cir.1986); *Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382 (5th Cir.1978). Since no timely Rule 59(e) motion was filed following the December 3 dismissal, and since notice of appeal was not filed within thirty days after December 3, the December 3 dismissal is not itself appealable. *See Pryor v. United States Postal Service,* 769 F.2d 281 (5th Cir.1985); *United States v. O'Neil,* 709 F.2d 361, 372 (5th Cir.1983).

■ However, the January 15, 1986 denial of the December 17, 1985 Rule 60(b) motion is an appealable order. *Silas; O'Neil; Pryor.* No notice of appeal was filed until March 19, 1986, more than thirty days after the January 15 entry of the order denying the December 17 motion. However, within ten days following the January 15 order, plaintiffs, on January 22, served and filed a second motion to reopen; under *Harcon Barge,* we treat this motion as being pursuant to Rule 59(e) with respect to the January 15 order. It has been held that a timely Rule 59(e) motion directed to an order denying Rule 60(b) relief calls into play the provisions of Rule 4(a)(4) respecting perfection of appeal, *Williams v. Bolger,* 633 F.2d 410 (5th Cir.1980), and accordingly postpones the running of the thirty-day notice of appeal time respecting the order denying Rule 60(b) relief until the district court has acted on the Rule 59(e) motion. *Inryco, Inc. v. Metropolitan Engineering Co., Inc.,* 708 F.2d 1225, 1232 (7th Cir.) (citing *Williams v. Bolger*), *cert. denied,* 464 U.S. 937, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983); *Venable v. Haislip,* 721 F.2d 297, 299 (10th Cir.1983); *United States v. Mt. Vernon Memorial Estates, Inc.,* 734 F.2d 1230, 1235 (7th Cir.1984). The district court, by order entered February 20, denied the January 22 Rule 59(e) motion, and under the above authorities the notice of appeal filed March 19 was timely as being within thirty days after the February 20 order.

We note that this case is properly distinguished from our decision in *Burnside v. Eastern Airlines, Inc.,* 519 F.2d 1127 (5th Cir.1975), where we held that a second Rule 60(b) motion, raising the same grounds as the first motion and filed several months after the denial of the first motion, could not form the basis for an appeal even

though notice of appeal was given within thirty days after the denial of the second Rule 60(b) motion. The present case is different from *Burnside* because here the second post-judgment motion was filed within ten days after the denial of the first. The present case is likewise to be distinguished from cases in which the first post-judgment motion is a timely filed Rule 59(e) motion and the second post-judgment motion, though filed within ten days following the denial of the first, is held not to extend the time for filing notice of appeal beyond thirty days from the denial of the first post-judgment motion. *See Ellis v. Richardson*, 471 F.2d 720, 721 (5th Cir.1973). *See also Harrell v. Dixon Bay Transportation Co.*, 718 F.2d 123, 127 (5th Cir.1983) (discussing this principle). The distinction between the two situations, though thin, has been expressly recognized. *See Williams v. Bolger*, 633 F.2d at 413 n. 3; *Venable v. Haislip*, 721 F.2d at 299.

For its argument that we lack appellate jurisdiction, appellee relies on *United States v. Montgomery*, 778 F.2d 222 (5th Cir.1985). However, *Montgomery* treated the post-judgment motion in question simply as a Rule 59(b) motion for new trial, which was late. It did not address whether the motion could or should be considered as a Rule 60(b) motion. Moreover, *Montgomery* was decided prior to our en banc opinion in *Harcon Barge*, which states that post-judgment motions which would otherwise be considered as under Rule 59(e) will be considered, for purposes of timeliness of appeal, as being under Rule 60(b) if served more than ten days after the judgment.

■ Having concluded that we have appellate jurisdiction, under the above authorities it is nevertheless clear that all that is before us is the denial of the Rule 60(b) relief, not the propriety of the underlying December 3 order of dismissal itself. We can reverse a denial of Rule 60(b) relief "only if the district judge has plainly abused his discretion." *Vela v. Western Electric Co.*, 709 F.2d 375, 376 (5th Cir. 1983). *See also O'Neil*, 709 F.2d at 373.

Further, we have recognized that review must be narrower in scope when based on denial of Rule 60(b) relief than when we are reviewing the underlying dismissal itself pursuant to a timely notice of appeal with respect thereto. *Vela*, 709 F.2d at 376. In *Silas*, we recognized the foregoing rule, but minimized its significance as applied to situations where the Rule 60(b) motion was filed within the time for giving notice of appeal. *Id.*, 586 F.2d at 386. Here, as in *Silas*, the first Rule 60(b) motion was filed within the time for giving notice of appeal from the December 3 dismissal. And here, as in *Silas*, there is no appellate jurisdiction over the underlying order itself. However, there is a material distinction between this case and *Silas*. In *Silas*, had the sole post-judgment motion there present been filed within ten days after the complained of dismissal, there would have been appellate jurisdiction over the dismissal itself. Here, by contrast, if the initial post-judgment motion had been filed within ten days after the complained of dismissal, there would be no appellate jurisdiction over either the dismissal itself or the denial of the original post-judgment motion. *Ellis*. There is no appellate jurisdiction over the dismissal itself and appellate jurisdiction over the denial of the December 17 motion depends on the fact that the motion was filed more than ten days after the December 3 dismissal, and was hence untimely as a Rule 59(e) motion and must accordingly be considered as a Rule 60(b) motion. Further, if the first post-judgment motion here had been filed within ten days after the dismissal, appellate jurisdiction could not be predicated on denial of the second post-judgment motion, as that motion was merely a repetition of the first and did not independently seek Rule 60(b) relief. *See Ratcliff v. State of Texas*, 714 F.2d 24 (5th Cir.1983); *Burnside; Ellis*. Hence, if we apply the same standard of review to the denial of the December 17 motion that we would if that motion had been timely filed, plaintiffs receive a jurisdictional windfall for the late filing of their initial post-judgment motion. This cannot be the intent of the Rules. On the other

hand, had the only post-judgment motion here been that of January 22, then the predicate for *Silas*, namely, a motion filed within the appeal time following the complained of order, would be totally lacking. Appellate jurisdiction of any sort over denial of the December 17 motion, the only motion filed within the appeal period for the underlying December 3 dismissal itself, here is dependent upon the distinction between Rule 60(b) and Rule 59(e) motions, and consequently our review must also recognize that distinction.

■ Thus, we turn to the question of whether the district court plainly abused its discretion in denying Rule 60(b) relief from its December 3 dismissal. We conclude that no such abuse of discretion has been demonstrated.

This suit was filed in November 1984 by a husband and wife for personal injuries sustained by the husband as a result of an allegedly defective medical prosthesis, and also for the wife's loss of consortium. At a status conference on May 10, 1985, the final pre-trial conference was set for November 19 at 8:30 a.m., and trial was set for December 2. On September 23, defendant filed a suggestion of death, advising that the plaintiff husband had died in June 1985.[1] On October 15, plaintiffs' counsel moved for a continuance of the December 2 trial date, on the grounds that plaintiffs' counsel had a pre-trial conference set in another case on December 2. This motion was denied by order entered October 18. On October 29, plaintiffs' counsel wrote the court requesting permission to be "a few minutes late" for the 9:00 a.m. December 2 trial date, again advising of his pre-trial conference set that same day in another case. On November 18, plaintiffs' counsel appeared in the court's chambers and left pre-trial papers which were required to be filed for the November 19 pre-trial confer-

ence, but which later turned out to be wholly inadequate. Plaintiffs' counsel also failed to attempt to schedule the required meeting with defense counsel. Likewise, plaintiffs' counsel failed to attend the November 19 conference, having given no prior notice that he would not be there to either the court or opposing counsel.

The court, on November 19, therefore ordered that plaintiffs make the necessary pre-trial filings, which complied with the local rules, by no later than 9:00 a.m. November 22, the order stating that failure to do so "will result in dismissal of this case." Plaintiffs' counsel was also fined $500 for failing to appear at the pre-trial conference. Plaintiffs did not respond in any manner to the court's order of November 19, and accordingly, by order signed November 26 and entered December 3, the case was dismissed for failure to prosecute.[2]

Following the inadequate filings made by plaintiffs' counsel on November 18, plaintiffs did not again file anything in the papers of the case until their December 17 motion to reopen. The only grounds stated in this motion were those stated in the prior motion for continuance, namely, the conflict with the pre-trial conference in another matter, and the fact that a suggestion of death had been filed. These were no reasons at all. The prior motion for continuance and related letter asserted a conflict between the December 2 trial date and the pre-trial conference in the other case, and did not show any reason why plaintiffs' counsel could not be present at the November 19 pre-trial conference or why there was no request for continuance of the November 19 conference. As to the suggestion of death, it had been on file since September, and obviously plaintiffs' counsel had been aware of the death for many months before that time. These matters were noted in the court's January 15,

---

1. There is no indication that the death was related to the complained of wrong.

2. Apparently at some time several days after November 22, plaintiffs' counsel left a telephone message that he had been in a criminal trial in Jefferson Parish. The court's January 15 order states it was so informed, though it does not say by whom. The matter of the telephone message and being in a criminal trial in Jefferson Parish is not referred to in any way in any of plaintiffs' motions to reopen or in any other document filed by plaintiffs below.

1986 order denying the motion to reopen, which also pointed out that counsel for plaintiffs did not timely pay the fine, that when he did so, his check bounced, that no proper pre-trial papers due by plaintiffs were ever tendered, and that the motion to reopen was not timely under Rule 59. We observe that no excuse was attempted for the untimeliness of the motion to re-open. The second motion to reopen, filed on January 22, is almost a verbatim copy of the first motion to reopen. Accordingly, it had all the deficiencies of the first motion to reopen, and nothing else. In a letter mailed to defense counsel, with a copy to the court, on January 31, plaintiffs' counsel again advised that "upon the date first set by the court for trial I was obliged as a party-intervenor to attend the pre-trial conference with Judge Collins." This, of course, as the previous motion for continuance and related letter made plain, pertained to the December 2 trial date, not to the November 19 pre-trial conference.

While dismissal is a harsh and disfavored remedy, we note that absolutely no excuse had been tendered for plaintiffs' counsel's derelictions. Unlike *Silas*, plaintiffs were here given another chance, but still remained in default; moreover, again unlike *Silas*, plaintiffs were specifically advised that failure to comply on this second occasion would result in dismissal. Even so, had plaintiffs attempted to comply with this second deadline and had done so deficiently, or only a few days late, or had some excuse ever been tendered for failure to do so, we would likely view the matter in another light. But here, there was total noncompliance with the November 19 order, all without any attempted excuse.[3]

On this record, we are unable to say that the district court plainly abused its discretion in denying the Rule 60(b) motion to reopen. Accordingly, the district court's action in this regard is

AFFIRMED.

3. Plaintiffs gain nothing by the motion for substitution of parties made on December 17, purportedly under Rule 25(a)(1), Federal Rules of Civil Procedure, inasmuch as the motion was made after the case had already been dismissed; moreover, it seems obvious that the plaintiff wife and plaintiffs' counsel must have known of the husband's death since the end of June at the latest (and there is no suggestion in the record to the contrary).