**FEDERAL TRADE COMMISSION,**
Plaintiff–Appellee,

v.

**Dudley M. HUGHES, Jr., d/b/a Dudley M. Hughes Funeral Company,**
Defendant–Appellant.

**No. 89–1480**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 11, 1990.
Rehearing Denied Feb. 8, 1990.

Ernest A. Laun, Dallas, Tex., for defendant-appellant.

Lawrence DeMille–Wagman, Assoc. Director for Enforcement Bureau of Consumer Protection, F.T.C., Ernest J. Isenstadt, Maridel S. Morgan, Washington, D.C., for plaintiff-appellee.

Before WILLIAMS, JOLLY and DUHÉ, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment taxing civil penalties against Dudley M. Hughes, Jr., for violations of certain Federal Trade Commission regulations governing the funeral industry, 16 C.F.R. pt. 453. 710 F.Supp. 1524. We dismiss the appeal for the reasons below.

A judgment in favor of the FTC was entered on February 13, 1989. Hughes filed and served a Motion for New Trial on March 1. An order denying the motion was entered on March 31. Hughes filed a Notice of Appeal from the February 13 judgment on May 25.

■ A notice of appeal must be filed within 60 days of the entry of judgment when an agency of the United States is a party. Fed.R.App.P. 4(a)(1). The time for filing a notice of appeal will run from the entry of an order denying a motion for new trial, provided the motion is timely. Fed.R. App.P. 4(a)(4). Hughes did not serve his Motion for New Trial within 10 days of the entry of judgment as required by Fed.R. Civ.P. 59(b). The Notice of Appeal was filed more than 60 days after the entry of the February 13 judgment and is therefore untimely as to that judgment.

■ A motion for new trial served more than ten days after entry of judgment may nevertheless be considered a motion for relief under Rule 60(b). *Eleby v. American Medical Systems, Inc.,* 795 F.2d 411, 412 (5th Cir.1986). Although Hughes' Notice of Appeal is untimely as to the judgment, it was filed within 60 days of entry of the order denying the Rule 60(b) motion and is therefore timely as to that order. *Id.* at 413. The timeliness notwithstanding, the Notice of Appeal filed in this case is not sufficient to bring the order of denial before this Court.

A notice of appeal "shall designate the judgment, order or part thereof appealed from...." Fed.R.App.P. 3(c). In his Notice of Appeal Hughes specifically appeals the February 13 judgment and makes no mention of the March 31 order. The Supreme Court has excused a similar defect in a notice of appeal on the ground the defect was a "mere technicalit[y]." *Foman v. Davis,* 371 U.S. 178, 181–82, 83 S.Ct. 227, 229–30, 9 L.Ed.2d 222 (1962). In *Foman,* however, the appellant had filed a notice of appeal from the denial of her Rule 59(e) motion after having filed an earlier and ineffective notice of appeal. Although the second notice of appeal would not have been timely to appeal the underlying judgment, the Court held that the Court of Appeals should have treated the second notice as "an effective, although inept, attempt to appeal from the judgment sought to be vacated." *Id.* at 181, 83 S.Ct. at 229. The Court noted that the appellant's intention to appeal both the underlying judgment and the denial was obvious from the two notices, from the appellant's statement of issues on appeal, and from the fact that both parties briefed and argued the merits of the judgment itself. *Id.*[1]

---

1. *See also United States v. Cooper,* 876 F.2d 1192, 1195 (5th Cir.1989) (appeal would be permitted where, although Motion for Leave to Proceed IFP in Court of Appeals did not specify orders being appealed, those orders could be discerned from earlier attempted notices of appeal); *Cates v. International Telephone and Telegraph Corp.,* 756 F.2d 1161, 1173 n. 18 (5th Cir.1985) (Where notice of appeal referenced the final order in the case but did not reference earlier orders, it was sufficient to appeal the entire case, since it was evident the appellant

intended to appeal the entire case, the parties briefed the entire case, and all orders were interrelated); *Incas & Monterey Printing and Packaging v. M/S Sang Jin,* 747 F.2d 958, 963 n. 15 (5th Cir.1984) ("The requirement of F.R. App.P. 3(c) that a notice of appeal designate the judgment from which it is taken is not to be so strictly construed as to defeat an appeal where appellant's overriding intent to appeal is clear"), *cert. denied sub nom. Van Weelde Bros. Shipping v. I.N.C.A.S. & Monterey Printing and Packaging,*

This appeal presents a contrary situation. Hughes did not notice the wrong judgment, but rather noticed a judgment from which he is not permitted to appeal. If the Notice of Appeal were sufficient to bring the order denying the Rule 60(b) motion before this Court, we would pass upon an order which Hughes did not intend to appeal[2] and neither party briefed, which presents issues different from those presented by Hughes' statement of issues on appeal, and which is governed by a standard of review[3] different from the attempted appeal.

The Supreme Court has recently reaffirmed that Rule 3(c) may be liberally construed, but that a court is not free to waive the jurisdictional requirements if it finds they are not met. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285 (1988). The Notice of Appeal filed in this case presents more than a technical "variance" from or "functional equivalent" to what the rule requires. *See id.* at 2408–09. We therefore conclude that the Notice of Appeal does not comply with the requirement of Rule 3(c) for designation of the judgment or order appealed from, and that accordingly we are not free to "waive the jurisdictional requirements of Rule [ ] 3...." *Id.* at 2409.

The appeal is DISMISSED.

471 U.S. 1117, 105 S.Ct. 2361, 86 L.Ed.2d 261 (1985).

2. *Cf. Vela v. Western Elec. Co.*, 709 F.2d 375, 376 (5th Cir.1983).

3. *See Hester Int'l Corp. v. Federal Republic of Nigeria*, 879 F.2d 170, 173 (5th Cir.1989) (orders on motions under Rule 60(b) are reviewed for abuse of discretion).