986 F.2d 1422
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John RENEER, Plaintiff-Appellant,
v.
Sgt. D.R. JONES, Mail Room Supervisor; Roberta Shephard,
Mail Room Clerk; Donna Roberts, Mail Room Clerk;
Doyle Shackelford, Deputy Warden,
Defendants-Appellees.
 No. 92-5673.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1993.
 
 1
 Before KEITH and BATCHELDER, Circuit Judges, and CHURCHILL, Senior District Judge.*
 
 ORDER
 
 2
 John Reneer appeals the judgment for defendants in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Reneer filed his complaint in the district court alleging that defendants interfered with the delivery of mail to him while he was a prisoner at the Kentucky State Reformatory. Defendants moved for summary judgment and Reneer responded in opposition. The district court granted summary judgment for three of the four named defendants. Thereafter, the action proceeded to a jury trial before the magistrate judge pursuant to 28 U.S.C. § 636(c) with respect to the remaining defendant. The jury found for defendant and judgment was entered accordingly. Next, Reneer moved for and was granted an extension of time in which to file a motion for a new trial. Reneer then simultaneously filed a motion for a new trial and a notice of appeal taken from the district court's judgment.
 
 
 4
 First, defendants' claim that this appeal is premature is without merit. Generally, a timely Fed.R.Civ.P. 59 motion for a new trial will operate to toll the appeal period. FTC v. Hughes, 891 F.2d 589, 590 (5th Cir.1990) (per curiam). Further, a notice of appeal filed while a timely Fed.R.Civ.P. 59 motion for a new trial is pending has no effect. Fed.R.App.P. 4(a)(4). However, a district court has no authority to grant an extension of time in which to file a Fed.R.Civ.P. 59 motion. Cf. Green v. Bisby, 869 F.2d 1070, 1071-72 (7th Cir.1989) (Fed.R.Civ.P. 59(e) motion); Rivera v. M/T Fossarina, 840 F.2d 152, 154 (1st Cir.1988) (same). Even though plaintiff served his motion for a new trial within the period provided by the district court, it was served beyond the 10 day period provided under Fed.R.Civ.P. 59(b). Therefore, the motion did not operate to toll the appeal period pursuant to Fed.R.App.P. 4(a)(4). Moreover, plaintiff's notice of appeal was filed within the appeal period provided under Fed.R.App.P. 4(a)(1). Under these circumstances, jurisdiction before this court is proper.
 
 
 5
 Next, plaintiff's claim that the district court granted summary judgment under an inappropriate legal standard is without merit. Generally, plaintiff must show that a deprivation of constitutional rights was intentional or the result of gross negligence to establish a claim cognizable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 348 (1986); Daniels v. Williams, 474 U.S. 327, 333-36 (1986); Nishiyama v. Dickson County, Tenn., 814 F.2d 277, 282 (6th Cir.1987) (en banc). The district court granted summary judgment to three defendants "(b)ecause plaintiff is unable to show that the defendants ... were more than negligent with regard to the delivery of his mail" (emphasis added). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Plaintiff's contention that the district court required him to prove that defendants acted intentionally in order to establish a claim cognizable under § 1983 is mistaken.
 
 
 6
 Further, plaintiff's contention that the jury was not properly instructed is without merit. Generally, jury instructions are reviewed as a whole to determine whether they adequately inform the jury of relevant considerations. Kitchen v. Chippewa Valley Schools, 825 F.2d 1004, 1010-11 (6th Cir.1987). Failure to object to an instruction at trial may result in waiver of the claim absent obvious and prejudicial error. See Young v. Langley, 793 F.2d 792, 795 (6th Cir.), cert. denied, 479 U.S. 950 (1986). Review of the transcript reveals that plaintiff submitted a gross negligence jury instruction following the close of evidence and following extensive discussion specifically withdrew the requested instruction. In addition, plaintiff's request that the jury be instructed that "the loss of First Amendment rights, for even minimal periods of time, unquestionably constitutes irreparable injury" was correctly rejected by the magistrate judge because a nominal damages instruction was given. The instructions as given do not reflect prejudicial error.
 
 
 7
 Finally, plaintiff's claim that he should have been permitted to introduce evidence regarding defendants' attorney's relationship with prison authorities is without merit. The magistrate judge correctly concluded that the current relationship of defendants' attorney to prison authorities simply is not relevant to the issue of the alleged loss of the mail in question.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation