IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60649
Summary Calendar

_____


CURTIS B CURRY

                    Plaintiff - Appellant

        v.

STEVE W PUCKETT, Superintendent, Mississippi
State Penitentiary; JAMES ANDERSON,
Superintendent, Mississippi State Penitentiary;
CHRISTOPHER EPPS; ANN LEE; LETITIA ROACH;
LAWRENCE HENDERSON; ROBERT ARMSTRONG; LAURENCE
ELLIS; BILLY SMITH; WILLIE JACKSON; DEBORAH
BELL; LINDA JONES; AMOS MITCHNER; JERRELL BOOKER;
M/M JOHN DOE I; JOHN DOE II; RHONDA BILLINGS;
SHIRLEY WHITE; LISA ECHOLS; DORIS HUDSON; DERRIA
HILL; GLORIA FOSTER; JD STAFFORD; RICHARD
NEWSKY; GENE ROWZEE; MARSHA LUSK; JOHN KEYS;
GLORIA HOLLIS; JOAN ROSS; ETHEL CARLIZE; EDDIE
CATES; JO P EDWARD; WANDA MITCHNER; PATTY LEGG;
BARRY PARKER; THOMAS MCDANIEL; OLIVER JONES;
LARRY KELLEY; WALTER BOOKER; ROGER PARKER; WILLIE
BROWN; EZELL STANLEY; WAYNE WATSON; FRED O'BANNON;
EUGENE CANNON; A FORREST

                Defendants - Appellees

                --------------------
        Appeal from the United States District Court
          for the Northern District of Mississippi
                USDC No. 4:98-CV-185-B-A
                --------------------
                    May 8, 2000

Before KING, Chief Judge, and HIGGINBOTHAM and STEWART, Circuit
Judges.

PER CURIAM:[*]

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Curtis B. Curry, Mississippi prisoner # 81606, attempts to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies. Curry filed three motions to reconsider previous orders by the court within ten days of entry of those orders, which would serve to stay the running of the time to file a notice of appeal under FED. R. CIV. P. 59(e). However, Curry's final two motions raised substantially the same claims on appeal, and the second one therefore does not serve to stay the running of the time in which Curry was required to file his notice of appeal. Ellis v. Richardson, 471 F.2d 720, 720 (5th Cir. 1973). Consequently, Curry's notice of appeal is timely only as to the denial of his third and last motion for reconsideration. This motion is construed as a motion under FED. R. CIV. P. 60(b). See Eleby v. American Med. Sys., 795 F.2d 411, 412 (5th Cir. 1986). Review is for abuse of discretion. Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203 (5th Cir. 1993).

Curry asserts that the district court erred in dismissing his complaint for failure to exhaust his administrative remedies. He maintains on appeal that he properly exhausted his remedies as to two Rules Violation Reports that he received in prison, but he failed to address this matter in the district court. Because the district court never had an opportunity to rule on the issue, this court cannot review it for error. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 120 S. Ct. 982 (2000).

Curry contends that he made a good-faith attempt to complete a challenge through the administrative remedy procedure, but that the prison administration obstructed justice by not naming Curry's selection as respondent on the first step. Curry has not shown that the administration was required to consider his wishes on this matter or that his failure to complete the process was the result of a good-faith effort to comply. Moreover, under the current law, the district court does not need to determine whether a prisoner has attempted a good-faith pursuit of his administrative remedies. 42 U.S.C. § 1997e; Underwood v. Wilson, 151 F.3d 292, 294 (5th Cir. 1998), cert. denied, 526 U.S. 1133 (1999). His contentions are without merit.

Curry finally contends that he exhausted his remedies as to one claim by appealing his reclassification. Curry was reclassified as a result of an employee's citation of Curry for a sexual-misconduct violation. This write-up was the basis for Curry's failed challenge through the administrative remedy procedure. Given that the challenged actions are intertwined, Curry's failure to exhaust his administrative remedies as to the one count precludes review of the other. The district court's dismissal of Curry's motion to reconsider the dismissal of his complaint for failure to exhaust his administrative remedies is AFFIRMED.