# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 24, 2010

Charles R. Fulbruge III
Clerk

No. 09-20154
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

$670,706.55 (Six Hundred Seventy Thousand Seven Hundred Six Dollars and
Fifty Five Cents); ET AL,

Defendants

RHONDA FLEMING

Claimant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-cv-00718

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming appeals from the order entered by the district court on
February 24, 2009, denying her Motion for Temporary Restraining Order that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 09-20154

sought to enjoin the Government from seizing the defendant properties. We AFFIRM.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

On March 5, 2005, the Government filed a Verified Complaint for Civil Forfeiture In Rem in district court. The Government alleged that the defendant properties were subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) as proceeds traceable to wire fraud, health care fraud, or a conspiracy to commit either offense; and under 18 U.S.C. § 981(a)(1)(A) as property involved in money laundering violations. The Government further asserted that 18 U.S.C. § 984 applied since the funds were seized within one year of the criminal offenses.

According to the forfeiture complaint, Fleming, through her businesses Hi-Tech Medical Supply and Advanced Medical Billing Specialist, Inc., received approximately $3.7 million from the Medicare Program as a result of fraudulent billing. Advanced Medical Billing filed back-dated, fraudulent claims representing that Hi-Tech provided services and medical equipment in 2003 that were not provided. The defendant properties were payments by Medicare to Hi-Tech in 2004 that were derived from the fraudulent claims. Fleming subsequently conducted a number of financial transactions with the amounts fraudulently obtained from Medicare, including making deposits of funds into her personal bank accounts and into accounts held in the name of third parties.

Fleming and her attorney were personally served with a copy of the civil forfeiture complaint. Fleming never filed a claim or answer to assert an interest in the defendant properties. Rather, on April 29, 2005, she filed, through her attorney, a sworn and notarized waiver of any interest in the defendant properties. The Government then filed a Motion for Default on July 29, 2005. A

2

No. 09-20154

copy of the motion was served on Fleming's attorney. On October 4, 2005, the district court granted the Government's Motion for Default and ordered the forfeiture of the defendant properties to the Government.

Over three years after the default judgment was entered, on January 29, 2009, Fleming filed a pro se Motion to Set Aside Forfeiture, requesting that the district court set aside the 2005 default judgment and final order of forfeiture. The Government filed an opposition, addressing Fleming's motion under Federal Rule of Civil Procedure 60. On February 9, 2009, the district court denied Fleming's Motion to Set Aside Forfeiture because it was time barred by Rule 60(c) and because Fleming failed to show excusable neglect or advance a meritorious defense pursuant to Rule 60(b).

Thereafter, on February 12 and 17, 2009, Fleming filed several motions: a Motion for Temporary Restraining Order, an additional Motion for Emergency TRO, and a Verified Amended Motion to Set Aside Forfeiture, essentially raising the same arguments presented in her initial Motion to Set Aside Forfeiture. On February 24, 2009, the district court denied Fleming's February 12 Motion for Temporary Restraining Order as a successive motion under Rule 60(b), for the same reasons set forth in its February 9 order. The district court subsequently denied Fleming's remaining two motions on March 4, 2009, treating these motions as successive Rule 60 motions as well.

Fleming appealed from the February 9 order denying her Motion to Set Aside Forfeiture and from the February 24 order denying her Motion for Temporary Restraining Order. The appeal of the February 9 order was dismissed for want of prosecution; the appeal of the February 24 order is presently before this court. In addition to the appeals, Fleming filed with this court a Motion for

3

No. 09-20154

Preliminary Injunction, requesting that the Government return funds seized from two accounts. She also subsequently filed a Motion for Summary Ruling, arguing that the Government failed to timely file a response brief to her appeal.

## II.  DISCUSSION

### A. *Construing the Motion for Temporary Restraining Order as a Rule 59 Motion*

Generally, a post-judgment motion which challenges the underlying judgment and requests relief, other than correction of a purely clerical error, is treated under Rule 60 if it is filed more than ten days after the judgment is entered. *Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667-69 (5th Cir. 1986) (en banc). The filing of a successive Rule 60(b) motion does not extend the time for filing a notice of appeal from the first Rule 60(b) motion where both raise similar arguments, and dismissal of an appeal from the second motion is proper if untimely under Federal Rule of Appellate Procedure 4(a). *Latham v. Wells Fargo Bank*, 987 F.2d 1199,1203-04 (5th Cir. 1993) (per curiam). This court, however, may treat a second post-judgment motion, which is filed within ten days of the denial of Rule 60(b) relief, as a request for reconsideration under Rule 59. *Eleby v. Am. Med. Sys., Inc.*, 795 F.2d 411, 412-13 (5th Cir. 1986). Under such circumstances, this court has permitted review of the ruling on the Rule 59 motion for the limited purpose of determining whether the district court erroneously denied reconsideration of Rule 60(b) relief. *Id*.

Here, Fleming's February 12 Motion for Temporary Restraining Order presented the same arguments and requested the same relief as the January 29 Motion to Set Aside Forfeiture. Additionally, although the February 12 motion did not refer to the district court's order denying the January 29 motion, it was filed within ten days of the order. Therefore, it may be construed as a Rule 59

4

motion requesting reconsideration of the district court's ruling on the January 29 motion. *Latham*, 987 F.2d at 1205; *Eleby*, 795 F.2d at 412-13; *see also United States v. One 1988 Dodge Pickup*, 959 F.2d 37, 41 (5th Cir. 1992). If we treated the February 12 motion simply as a successive Rule 60(b) motion, it would be untimely under Federal Rule of Appellate Procedure 4(a) because, like appeals from final civil judgments, appeals from denials of Rule 60 motions must be filed "within 30 days after the judgment or order appealed from is entered." FED. R. APP. PROC. 4(a)(1)(A). Accordingly, we treat Fleming's February 12 motion under Rule 59 and thus Fleming timely filed notice of appeal in accordance with Federal Rule of Appellate Procedure 4(a).

B. *Standard of Review*

Addressing the denial of Fleming's February 12 motion under Rule 59, our review is limited to whether the district court abused its discretion in refusing reconsideration of its previous order denying Rule 60 relief. *Eleby*, 795 F.2d at 413-14.

C. *Waiver of Arguments on Appeal*

As a threshold matter, Fleming now raises numerous arguments on appeal that were not set forth in her January 29 or February 12 motions. These arguments include: (1) the default judgment is void under Rule 60(b)(4) because service of process was not perfected; (2) the Government committed fraud, misrepresentation and or misconduct in violation of Rule 60(b)(3) by using a conditional waiver in the forfeiture proceeding; (3) Fleming's waiver of defendant properties was not knowingly or intelligently given; and (4) the district court lacked subject matter jurisdiction over the defendant funds since they were seized in violation of the tracing requirements in 18 U.S.C. § 981. Although pro

se pleadings are treated liberally, *United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996), Fleming could have raised these arguments in the district court. This Court will not review issues for the first time on appeal that were not presented to the district court, absent extraordinary circumstances. *Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 548 (5th Cir. 2009). Extraordinary circumstances exist when the issue involved is a purely legal question of law and a miscarriage of justice would result from the failure to consider it. *Id.* As neither factor applies here, Fleming has failed to allege or show extraordinary circumstances. We therefore proceed to address only those arguments properly raised by Fleming before the district court.

D. *Motion to Set Aside Forfeiture Time Barred by Rule 60(b)*

Fleming's January 29 motion sought to set aside the default judgment and final order of forfeiture, claiming that Fleming's waiver of interest in the defendant properties had been conditioned upon the Government bringing no criminal charges against her, or offering her deferred prosecution for the criminal violations underlying the forfeiture action in return for her cooperation. Because no agreement was reached in the criminal case and these events did not materialize, Fleming argued that she should be permitted to withdraw her waiver and contest the forfeiture. Fleming also asserted that she never received notice of a forfeiture hearing in violation of her due process right.

To merit relief under Rule 60(b), a movant must show:

(1) mistake, inadvertence, surprise or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud, . . . misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Relief under subsection (6) is not available if the type of relief sought is covered by the other subsections in Rule 60(b), and is available only if extraordinary circumstances exist. *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002).

For subsections (1)-(3), a movant must file her Rule 60(b) motion within one year of the judgment. FED. R. CIV. P. 60(c). Motions under subsection (6) are not subject to the one-year time limitation, but they must be brought within a reasonable time. *Travelers Ins. Co. v. Liljeberg Enter., Inc.*, 38 F.3d 1404, 1410 (5th Cir. 1994). What constitutes a reasonable time depends on the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn of the grounds relied upon, and prejudice to other parties. *Id.*

As the district court properly determined, Fleming's January 29 motion, appropriately treated under Rule 60(b), was time-barred whether Fleming's motion was treated under Rule 60(b)(1) or (6). The motion, filed over three years after the default judgment and final order of forfeiture were entered, was not filed within a reasonable amount of time. *See Anglin v. Local Union 1351*, 102 F. App'x 367, 370 (5th Cir. 2004) ("this was not a case where the deadline was barely missed by a day or so due to unforeseen circumstances or the like").

No. 09-20154

Fleming knew there were pending forfeiture proceedings, as she filed a waiver in the forfeiture case, and she has not shown good cause for such a lengthy delay.

E. *Failure to Show a Meritorious Defense*

Even addressing Fleming's arguments on the merits, the district court properly found that Fleming failed to show a meritorious defense under Rule 60(b). A district court has the discretion to refuse to set aside a default judgment if the defendant fails to present a meritorious defense sufficient to support a finding on the merits for the defaulting party. *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 120 (5th Cir. 2008) (citing *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)). Fleming merely stated in her Motion to Set Aside Forfeiture that she owned the defendant properties and that they were earned through legitimate businesses. However, a jury has now convicted her of the criminal offenses which formed the basis for the civil forfeiture. The conclusory allegations in the Motion to Set Aside Forfeiture are insufficient to establish a probability of success on the merits if the forfeiture order were set aside. *One 1988 Dodge Pickup*, 959 F.2d at 42; *One 1979 Piper Navajo*, 748 F.2d at 319.

Under these circumstances, the district court did not abuse its discretion by refusing to set aside the default judgment and denying Fleming's January 29 motion, and thereafter denying Fleming's February 12 motion.

### III.  CONCLUSION

For the reasons discussed, the denial of Fleming's February 12 Motion for Temporary Restraining Order is affirmed. For the same reasons, Fleming's Motion for Preliminary Injunction before this court is denied, and her Motion for Summary Ruling is also denied.

8