# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 23, 2011

No. 11-10124
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROQUE RANGEL, JR., also known as Rock,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CR-3-17

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roque Rangel, Jr., federal prisoner # 28301-177, has moved for a certificate of appealability (COA) to appeal the district court's denial of his motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, in which he sought reconsideration of this court's dismissal, for lack of a timely notice of appeal, of his appeal in a 28 U.S.C. § 2255 proceeding. Because Rangel essentially seeks to reopen the time for filing a timely notice of appeal, he does not need a COA to appeal the district court's ruling. *See Dunn v. Cockrell*, 302

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.3d 491, 492-93 (5th Cir. 2002). His motion for a COA is therefore DENIED as unnecessary.

When necessary, this court must sua sponte examine the basis of its jurisdiction. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Rangel's Rule 60(b) motion, submitted for mailing on December 17, 2010, and directed to this court, if liberally construed, was sufficient to evince timely his intent to appeal from the denial of the Rule 60(b) motion filed in the district court. *See Bailey v. Cain*, 609 F.3d 763, 765-66 (5th Cir. 2010); *Eleby v. American Medical Systems, Inc.*, 795 F.2d 411, 412 (5th Cir. 1986); FED. R. APP. P. 4(a)(1)(B), (c), and (d). We, therefore, have jurisdiction to review the district court's denial of Rangel's Rule 60(b) motion. Our review is for an abuse of discretion. *Eleby*, 795 F.2d at 414.

Rangel renews his claim that the applicable limitations period for filing a timely notice of appeal is subject to equitable tolling, in light of *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010), and that he is entitled to equitable tolling because he was in transit when he was required to file a timely notice of appeal from the denial of his § 2255 motion. Rangel is mistaken. The time for filing a notice of appeal in a civil case is not subject to equitable tolling, and a timely notice of appeal is a jurisdictional prerequisite to appeal. *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007). Moreover, the district court was without power to correct any error allegedly made by this court with respect to this court's jurisdiction.

The district court did not abuse its discretion in denying Rangel's Rule 60(b) motion. *See Eleby*, 795 F.2d at 414. Rangel's appeal lacks any arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, it is DISMISSED. *See* 5TH CIR. R. 42.2.