# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 7, 2013

No. 13-10042
Summary Calendar

Lyle W. Cayce
Clerk

RHONDA FLEMING,

Plaintiff-Appellant

v.

UNITED STATES OF AMERICA; LESLIE POWERS; THE GEO GROUP,
INCORPORATED; UNITED STATES MARSHAL SERVICE; CHRISTOPHER
C. STRICKLAND; MAJOR  DURHAM; CYNDEE OATES, D.U.S.M.S; DR.
CABELLERO; MYRA WOMACK; PHARMACY TECH BROWN; KEEFE
COMMISSARY NETWORK SALES; COMMISSARY MANAGER VILLAREAL;
ARAMARK CORPORATION; CYNTHIA MOSLEY; JENNIFER CALDWELL;
MONTGOMERY COUNTY SHERIFF'S OFFICE; R. CHRISTOPHER
GOLDSMITH; $1,846,668.98,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-452

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Rhonda Fleming, federal prisoner # 20446-009, appeals the district court's

dismissal of her *pro se* and *in forma pauperis* complaint.  We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 13-10042

FACTS AND PROCEDURAL HISTORY

Fleming was convicted of conspiracy to commit health care fraud and wire fraud. She was also convicted of money laundering. She is currently serving a 360-month sentence based on these convictions.

Fleming filed a *pro se* complaint in a state district court, alleging various claims related to the conditions of the facility where she was housed as a pre-trial detainee.[1] She also sought relief from a civil forfeiture judgment obtained against her property during the underlying criminal action. Fleming asked to proceed *in forma pauperis*.

The government removed the case to federal district court pursuant to 28 U.S.C. §§ 1441 and 1442. The government then filed a motion to dismiss based on the three-strikes rule found in 28 U.S.C. § 1915(g).[2] Fleming responded to the motion, arguing that the provision did not apply to her because she did not "bring" her lawsuit in federal court; instead, the government removed the action to federal court. In its reply, the government argued that dismissal was nonetheless appropriate under 28 U.S.C. § 1915A because Fleming's claims were time-barred. The district court agreed and dismissed Fleming's claims under Section 1915A. The court explained that all of the claims in Fleming's complaint were alleged to have occurred between 2007 and 2009. Fleming's complaint was

---

[1] Specifically, Fleming alleged constitutional violations under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and civil rights claims under 28 U.S.C. § 1983. She also sought relief under the Federal Tort Claims Act ("FTCA") and the Americans with Disabilities Act ("ADA").

[2] 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

not filed until 2012, which was beyond the applicable statute of limitations. The district court also concluded that Section 1915(g)'s three-strikes provision did not apply because the government had removed the case to federal court.

Fleming filed a motion to reconsider. In its order addressing the motion, the district court stated that upon further consideration, it was uncertain whether Section 1915(g) barred Fleming's complaint. Accordingly, the court ordered additional briefing on the issue. In its supplemental brief, the government argued that Section 1915(g) should bar Fleming from proceeding *in forma pauperis* given that she was an inmate who had three or more cases or appeals dismissed as frivolous and was attempting to file a new case against federal agencies and employees without paying a filing fee.

The district court entered a second order that continued to hold that dismissal under Section 1915A was appropriate, but it held that an additional reason for dismissal was that Fleming's claims were barred by the three-strikes provision in Section 1915(g). In response, Fleming filed a letter with the district court, advising that she was prepared to pay the filing fee and asking the court to order the fee deducted from her prison trust account and forwarded to the district clerk. The district court construed the letter as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The court denied the motion, explaining that because Fleming had initially sought to circumvent the three-strikes provision of Section 1915(g) and avoid paying the filing fee by filing her complaint in state court, her desire now to pay the fee was not a basis for relief under Rule 59(e).

## DISCUSSION

We review dismissals under Section 1915A *de novo*. *Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). Because Fleming is a prisoner seeking redress from government entities and government employees, her complaint is subject to preliminary screening by the district court. 28 U.S.C. § 1915A(a). As part of

No. 13-10042

this review, the district court is authorized to dismiss a complaint if the action "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Here, the district court's initial order dismissed Fleming's complaint because the claims raised were barred by the applicable statute of limitations and were frivolous. In its second order of dismissal, the court added the three-strikes provision as an alternative basis for dismissal.

Fleming's claims related to the conditions of her confinement as a pre-trial detainee and referred to events that occurred between 2007 and 2009. All of the claims were subject to a two-year statute of limitations.[3] Fleming did not file her complaint until 2012. Accordingly, the district court did not err in dismissing her complaint for failure to state a claim given that all of Fleming's claims were barred by the statute of limitations. We need not reach the district court's alternative basis for dismissal that Fleming's claims about the conditions of her confinement were also barred by Section 1915(g)'s three-strikes rule.

Fleming also challenged the propriety of an earlier civil forfeiture order. Fleming claims that her due process rights were violated because she did not receive the requisite notice before her property was forfeited. The district court did not address this issue in its initial order of dismissal. The court later asked for supplemental briefing on the issue in response to Fleming's motion for reconsideration. The government argued in its brief that Fleming had already raised this claim in prior litigated actions and, therefore, it was barred by res judicata. In its subsequent order of dismissal, the district court did not address res judicata. Instead, the court concluded that the civil forfeiture claim was barred by the three-strikes provision of Section 1915(g).

---

[3] *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999) (*Bivens*); *Price v. City of San Antonio*, 431 F.3d 890, 892 (5th Cir. 2005) (Section 1983); 28 U.S.C. § 2401(b) (FTCA); *Holmes v. Tex. A&M Univ.*, 145 F.3d 681, 684 (5th Cir. 1998) (ADA).

No. 13-10042

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009). Res judicata applies where these four elements are met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases." *Id.* Based on our review of the record, Fleming's challenges to the forfeiture were fully litigated in the United States District Court of the Southern District of Texas and this court.[4] Therefore, her claims related to the civil forfeiture order are barred by res judicata. Although the district court did not rely on res judicata as a basis for dismissal, this court may affirm the district court on any grounds supported by the record. *Brewster v. Dretke*, 587 F.3d 764, 769 n.3 (5th Cir. 2009). Because res judicata provides a sufficient basis for dismissal, we need not address whether Fleming's claim is also barred by the three-strikes provision of Section 1915(g).

Fleming has also filed a motion to remand the case to the district court. As stated, Fleming attempted to pay the filing fee after the district court entered its second order dismissing her case under Section 1915(g). The district court refused to accept the fee. Section 1915A, though, "applies regardless of whether the plaintiff has paid a filing fee or is proceeding *in forma pauperis*." *Ruiz v. United States*, 160 F.3d 273, 274 (5th Cir. 1998). Because Fleming fails to state a claim upon which relief could be granted, her complaint was properly dismissed under Section 1915A and her attempt now to pay the filing fee is of no effect. Fleming's motion to remand is denied   AFFIRMED.

---

[4] Fleming filed a motion to set aside the forfeiture in 2009. The United States District Court in the Southern District of Texas denied the motion, and this court affirmed. *United States v. $670,706.55*, 367 F. App'x 532 (5th Cir. 2010).