United States Court of Appeals,

Fifth Circuit.

No. 92-4754

Summary Calendar.

James A. LATHAM, Plaintiff,

Marian E. Latham, Movant-Appellant,

v.

WELLS FARGO BANK, N.A., et al., Defendants-Appellees.

April 13, 1993.

Appeal from the United States District Court for the Western District of Louisiana.

Before GARWOOD, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:

Movant-appellant Marian E. Latham (Latham) is a would-be intervenor in a suit instituted by her husband against defendants-appellees. Because the suit had already been settled by the parties and dismissed with prejudice, the district court rejected Latham's attempted intervention. Due allegedly to the failure of her counsel to receive notice of the entry of the court's order, Latham failed to make a timely appeal. She thus moved to have the district court set aside its order or to extend the appeals period. It is from the denial of these two motions that Latham now appeals. We affirm.

**Facts and Proceedings Below**

The suit that underlies this appeal is a lender-liability action commenced in 1987 by appellant's husband, James A. Latham (the debtor).[1] Following a compromise and settlement agreement executed between the debtor's trustee in bankruptcy and appellees Wells Fargo Bank, N.A. and First Security Bank of Utah, N.A. (the banks),[2] the district court on July 30, 1990, ordered the dismissal

---

[1] The substance of the lender-liability action is not directly relevant to the disposition of this appeal. For a detailed account of that suit, see *Latham v. Wells Fargo Bank, N.A.,* 896 F.2d 979, 980-82 (5th Cir.1990).

[2] On July 10, 1990, the banks purchased the debtor's claims against them at a judicial auction. On July 19, 1990, the bankruptcy court approved the transaction. On July 25, 1990, the banks and the debtor agreed to a joint stipulation of dismissal.

of the suit with prejudice.

On August 14, 1990, Latham, who was not a party to original litigation, filed two motions in the district court, one seeking leave to intervene or be substituted as a party in the suit and another couched as a "motion to set aside order of dismissal." The theory of both motions was that Latham's intervention in the litigation was necessary because the cause of action asserted in the lender liability suit, and dismissed in the court's July 30 order, was community property.[3] Reasoning that Latham's community property could properly be sold or compromised by the trustee with the bankruptcy court's approval, and that Latham had expressly renounced her right to concur in the sale or encumbrance of her community assets, the court denied her motion to set aside the July 30, 1990, dismissal order. The court also denied Latham's motion to intervene on the ground it was too late to intervene once judgment had been rendered. These motions were denied on December 20, 1991, and the court's order was docketed on December 26, 1991.

Latham's counsel claims that the denial order was mailed to the wrong address and thus was not received by him until January 24, 1992, just three days before the time for filing a notice of appeal of that order would expire.[4] In reaction, Latham, on February 21, 1992, filed two more motions: a "motion to extend time for filing of appeal" and a second "motion to set aside order of dismissal." The district court denied both motions on June 18, 1992, and Latham thereafter timely appealed that order to this Court.

## Discussion

At the outset, we emphasize that the only matters before this Court are Latham's two motions of February 21 and the district court's denial of them. Latham brought no timely appeal from the December 26, 1991, denial of her August 14, 1990, motions.

---

[3]A similar claim was advanced by the debtor in our earlier decision in this case, but we did not reach it. *See Latham, supra,* 896 F.2d at 985 ("We need not consider Latham's argument that if his personal claims were barred, his wife would still be able to press half of them because they are community property under Louisiana law.").

[4]Latham had thirty days to appeal the court's December 26, 1991, order. *See* Fed.R.App.P. 4(a)(1). Because January 25, 1992, was a Saturday, Latham had until Monday, January 27, 1992, to file her notice of appeal with the clerk of the district court. *See* Fed.R.App.P. 26(a).

I. The Motion to Extend the Time for Filing an Appeal

Latham argues that, because her counsel did not receive notice of the district court's December 26, 1991, order until just before the expiration of time to file notice of appeal therefrom, it was error for the district court to deny her request, brought under Federal Rules of Appellate Procedure 4(a), to extend the time for filing a notice of appeal. We disagree. It is true that the clerk of the court is required to serve notice of the entry of an order or judgment by mail to the parties immediately upon its entry. *See* Fed.R.Civ.P. 77(d). Nevertheless, Rule 77(d) also provides:

> "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure." Fed.R.Civ.P. 77(d).

Thus, Rule 77(d) clearly states that a party must make a timely appeal whether or not he receives notice of the entry of an order. Implicit in this rule is the notion that parties have a duty to inquire periodically into the status of their litigation. *See, e.g., Jones v. Estelle,* 693 F.2d 547, 549 (5th Cir.1982) (per curiam), *cert. denied,* 460 U.S. 1072, 103 S.Ct. 1528, 75 L.Ed.2d 950 (1983). As the text of Federal Rules of Civil Procedure 77(d) indicates, the only exception to its rule is Federal Rules of Appellate Procedure 4(a).

Two provisions of Federal Rules of Appellate Procedure 4(a) are potentially applicable in circumstances such as these. The first, Federal Rules of Appellate Procedure 4(a)(6), as amended effective December 1, 1991, was specifically designed to deal with cases of late notice. It provides:

> "The district court, if it finds (a) that a party entitled to notice of the entry of a judgment or order did not receive such notice from the clerk or any party within 21 days of its entry and (b) that no party would be prejudiced, may, upon motion filed within 180 days of entry of the judgment or order or within 7 days of receipt of such notice, whichever is earlier, reopen the time for appeal for a period of 14 days from the date of entry of the order reopening the time for appeal."[5] Fed.R.App.P. 4(a)(6).

Rule 4(a)(6) thus allows a court to extend the filing period for a party that receives notice of an order more than three weeks (but less than six months) after its entry. Assuming that Latham, as she

---

[5]The current versions of Federal Rules of Appellate Procedure 4(a)(6) and Federal Rules of Civil Procedure 77(d) took effect on December 1, 1991, prior to the court's denial of Latham's August 14 motions and prior to the date on which Latham's counsel claims to have received notice of the order. We deem both rules to be binding in this case. *See In re Jones,* 970 F.2d 36, 38 (5th Cir.1992).

claims, did not receive notice of the court's order until January 24, 1992, she could have sought an extension under Rule 4(a)(6) on that date. However, that Rule requires a party to seek an extension "within 7 days of receipt of such notice." Latham did not seek any extension until February 21, 1992—almost a month after receiving notice. Therefore, Latham is not entitled to relief under Federal Rules of Appellate Procedure 4(a)(6).

Latham's only other potential avenue of relief under Rule 4(a) is Rule 4(a)(5), which provides:

> "The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed.R.App.P. 4(a)(5).

We note initially that Latham's application for an extension was within the time permitted by Rule 4(a)(5). As noted, *see supra* note 4, the deadline for filing an appeal of the court's December 26, 1991, order was January 27, 1992. Thirty days from that time would be February 26, 1992. Latham's motion was filed on February 21, 1992. Therefore, her application for an extension, while not within the appeals period itself, was within thirty days after its expiration. It thus became necessary for the district court to determine whether Latham had demonstrated that her failure to file a timely appeal was due to excusable neglect.[6] Latham, of course, offers as justification her failure to receive prompt notice of entry of the court's order. The district court rejected this argument. We have said both that the excusable neglect standard is a strict one and that a district court's decision to grant or deny relief under Rule 4(a)(5) is reviewed only for abuse of discretion. *See, e.g., Allied Steel v. City of Abilene,* 909 F.2d 139, 142-43 (5th Cir.1990) (per curiam).

We now hold that no such abuse was committed. There is some dispute over whose fault it was that the notice was sent to the wrong address; however, we see no need to resolve it. A sufficient reason for denying Latham's request was offered by the district court: her counsel received the order within the time for filing an appeal yet waited almost a month before requesting an

---

[6]Rule 4(a)(5)'s allowance for extensions in cases of "good cause" (as distinguished from its "excusable neglect" standard) applies only to requests made *before* the expiration of the thirty-day appeals period. *See Allied Steel v. City of Abilene,* 909 F.2d 139, 143 & n. 3 (5th Cir.1990) (per curiam) (citing the Advisory Committee Notes to Rule 4(a)(5)).

extension. A related sufficient reason, we think, is that Latham failed to avail herself of Rule 4(a)(6). That rule was designed to handle cases just such as this one. Yet, as we have seen, Latham waited too long to seek relief under that provision. This fact is fatal to her claim of excusable neglect under Rule 4(a)(5). We cannot say that it was an abuse of discretion to deny Latham relief under the general provisions of Rule 4(a)(5) where but for her own delay she could have sought an extension under Rule 4(a)(6).

In sum, we are unable to conclude that the district court erred in denying Latham's motion to extend the time for filing an appeal.

II. The Motion to Set Aside the Court's Order

We now consider Latham's other February 21, 1992, motion, which was styled as a "motion to set aside order of dismissal." This February 21 motion, which attacked the court's denial of Latham's August 14, 1990, motions, is obviously a Rule 60(b) motion for relief from an order (indeed, Latham cited Rule 60(b) in support of that motion). *See Harcon Barge Co. v. D & G Boat Rentals, Inc.,* 784 F.2d 665, 669 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

We review the denial of Latham's February 21, 1992, Rule 60(b) motion only for abuse of discretion. Although the grounds offered in support of that motion are rather murky, one can find in the motion three arguments in favor of setting aside the district court's December 26, 1991, order (which, again, denied Latham's August 14, 1990, motions). First, she reiterates the arguments that she made in support of her August 14, 1990, attack on the dismissal of the lender-liability suit. Second, she cites her failure to receive notice of the court's December 26 order. Third, she complains that she failed to receive the banks' oppositions to her August 14 motions. We will address these arguments *seriatim.*

A.

In large part, Latham's February 21, 1992, Rule 60(b) motion is an attempt to revive her August 14, 1990, motion. Indeed, the first five paragraphs of the February 21 motion repeat verbatim the five paragraphs that constituted the entirety of the August 14 motion. Latham's brief before this

Court also restates much of the argument made in support of her August 14 motions.

We begin our analysis with the principle, recognized time and again in our case law, that a Rule 60(b) motion may not be used as a substitute for a timely appeal. *See, e.g., Williams v. New Orleans Public Service, Inc.,* 728 F.2d 730, 736 (5th Cir.1984); *United States v. O'Neil,* 709 F.2d 361, 372 (5th Cir.1983); *Chick Kam Choo v. Exxon Corp.,* 699 F.2d 693, 695 (5th Cir.), *cert. denied,* 464 U.S. 826, 104 S.Ct. 98, 78 L.Ed.2d 103 (1983); *Silas v. Sears, Roebuck & Co.,* 586 F.2d 382, 386 (5th Cir.1978); *Edwards v. Joyner,* 566 F.2d 960, 961 (5th Cir.1978) (per curiam). As we said on one occasion, "Rule 60(b) simply may not be used as an end run to effect an appeal outside the specified time limits, otherwise those limits become essentially meaningless." *Pryor v. U.S. Postal Service,* 769 F.2d 281, 288 (5th Cir.1985).[7] Thus, we have frequently upheld district court decisions denying Rule 60(b) motions where it appeared that Rule 60(b) was being used as a substitute for a timely appeal. *See, e.g., United States v. O'Neil, supra.* This is particularly appropriate in a case such as this one where a Rule 60(b) motion is itself an attack on the denial of a prior post-judgment motion that asserted virtually identical grounds for relief, and where, as here, it is filed *after* the time for giving notice of appeal from the order denying the earlier motion. *See Pryor,* 769 F.2d at 288. Obviously, if on February 21, 1992, Latham had attempted to bring a direct appeal from the December 26, 1991, denial of her August 14, 1990, motion, such an appeal clearly would have been out of time, and this Court would now have no jurisdiction to consider the appeal. In effect, by filing a Rule 60(b) motion following the prior denial of an earlier virtually identical post-trial motion, Latham is using the second motion, which is under Rule 60(b), as an attempt to resurrect the then expired period in which to appeal the denial of the first motion. This procedural ploy cannot be allowed to succeed.

When confronted with an analogous situation in *Burnside v. Eastern Airlines, Inc.,* 519 F.2d 1127 (5th Cir.1975) (per curiam), this Court stated:

> "The time for notice of appeal on plaintiff's initial Rule 60(b) motion having run, the filing of another such motion alleging substantially similar grounds for relief does not provide plaintiff

---

[7]We have recognized that this rule may yield "in truly extraordinary cases," *O'Neil,* 709 F.2d at 373, but this is not such a case.

with a second opportunity for appellate review." *Id.* at 1128 (citation omitted). *See also Ellis v. Richardson,* 471 F.2d 720 (5th Cir.1973) (successive Rule 59 motions); *Ratcliff v. State of Texas,* 714 F.2d 24 (5th Cir.1983) (Rule 60(b) motion to attack denial of earlier post-trial motion). *See also Eleby v. American Medical Systems,* 795 F.2d 411 (5th Cir.1986). *Cf. Hines v. Seaboard Air Line R.R. Co.,* 341 F.2d 229, 231 (2d Cir.1965) ("If plaintiff's [second Rule 60(b) motion] contained only arguments which were made or could have been made on the prior motion, an appeal from the denial of such a motion would not lie, as the second motion would then truly be classified as a reargument.").

This is not to say that a party may never mount a Rule 60(b) attack upon the denial of a previous post-trial motion. However, at least absent truly extraordinary circumstances, not present here, the basis for the second motion must be something other than that offered in the first.[8]

### B.

The second argument advanced by Latham in support of her Rule 60(b) motion is the same one offered in support of her motion to extend the filing period, namely, her failure to receive notice of the entry of the court's order. The law is clear, however, that Rule 60(b) affords no relief under such circumstances. In *Wilson v. Atwood Group,* 725 F.2d 255 (5th Cir.) (en banc), *cert. dismissed,* 468 U.S. 1222, 105 S.Ct. 17, 82 L.Ed.2d 912 (1984), this Court refused to grant Rule 60(b) relief to a party that had failed to receive notice of the entry of a judgment in time to file an appeal. Relying heavily on Federal Rules of Civil Procedure 77(d)'s instruction that lack of notice does not halt the

---

[8]The district court stated that Latham's August 14, 1990, motion to set aside was too late to be considered a Rule 59 motion, and hence had to be considered as one under Rule 60(b), although the court denied it on grounds equally applicable to both rules. Latham does not challenge the district court's determination that her referenced August 14, 1990, motion was filed beyond the ten-day period permitted for Rule 59 motions. The district court's July 30, 1990, order was filed on that date; the docket sheet does not clearly indicate when it was docketed, although notice of entry was not mailed until July 31, 1990. If the order was not entered on the docket until July 31, then the August 14 motion was timely for purposes of Rule 59. Even if that were the case, however, Latham would still be trying to challenge, by her February 21, 1992, Rule 60(b) motion, the denial of her earlier post-judgment motion, raising the same grounds in both motions instead of timely appealing the denial of the first. This is using Rule 60(b) for what an appeal should do; and it is doing so after time for notice of appeal has run and without adequate excuse. Moreover, a Rule 60(b) motion does not extend the time for filing a notice of appeal. *Cf. Eleby* (Rule 59 motion directed to denial of Rule 60(b) relief does delay time for appealing the denial of Rule 60(b) motion).

running of the filing period, we held that "to be relieved from the effect of judgment, a party must show more than mere reliance on the clerk to give notice of a judgment." *Id.* at 258. The clear purpose of *Wilson* was to cease the practice of "extending the time for appeal by vacating and re-entering judgments in order to accommodate a party that has not received actual notice of the entry of judgment." *Pryor, supra,* 769 F.2d at 287. Despite the fact that *Wilson* arose amidst what the Court described as "unique circumstances," 725 F.2d at 258, subsequent cases have read *Wilson* as establishing a clear rule: "failure to receive notice does not justify granting of 60(b) relief to extend [the] time for appeal." *In re Air Crash at Dallas/Fort Worth Airport,* 852 F.2d 842, 844 (5th Cir.1988) (per curiam).[9] Even the dissenters in *Wilson* agreed with the proposition that "Rule 77(d) makes one exception to Rule 60(b)(6)'s grant of equitable power—the reason cannot be the clerk's failure to notify." *Wilson,* 725 F.2d at 258 (Clark, C.J., dissenting). Following *Wilson,* we have consistently rejected the use of Rule 60(b) to provide relief for parties complaining of lack of notice. *See, e.g., Prior Products, Inc. v. Southwest Wheel-NCL Co.,* 805 F.2d 543, 545 (5th Cir.1986) (per curiam); *Alamo Chem. Transp. Co. v. M/V Overseas Valdes,* 726 F.2d 1073, 1074 (5th Cir.1984); *Cf. United States v. Awalt,* 728 F.2d 704, 705 (5th Cir.1984) (per curiam) (applying *Wilson* to a Federal Rules of Criminal Procedure 35 motion to correct a sentence).

To be sure, *Wilson* did state that its rule would not reach a party whose counsel "had not relied on the clerk to give notice of the entry of judgment but had been diligent in attempting either to delay its entry or to inquire about the status of the case." *Wilson,* 725 F.2d at 258. Thus, we did

---

[9]Citing the 1991 amendments to Federal Rules of Civil Procedure 77(d) and Federal Rules of Appellate Procedure 4(a)(6), this Court in *In re Jones,* 970 F.2d 36, 39 (5th Cir.1992), stated that "[t]he continuing viability of *Wilson* ... is now subject to question." It is unclear to us what is meant by that statement. Perhaps it was intended to be read in context with the statement that amended Fed.R.App.P. 4(a)(6) does not require the district court to grant relief even if its requirements are met, *id.* at 39, and to suggest that though relief was not always required in such instances we would normally expect it to be granted. Or perhaps *Jones* meant that there will be less room for *Wilson* to operate with the 1991 amendments to Rule 77 and 4(a)(6). We will not construe *Jones* to do what it could not, and did not purport to do, namely overrule the *en banc* *Wilson* decision. The final sentence of Rule 77(d), which states that lack of notice does not excuse an untimely appeal, was *un*changed by the 1991 amendment. The advent of Rule 4(a)(6), if anything, cuts against the idea that *Wilson* is no longer good law in areas where new Rule (4)(6) does not give relief because that new Rule now provides a safety valve for whatever harshness inheres in *Wilson*'s strict interpretation of Rule 77(d).

not apply *Wilson* in *Tubbs v. Campbell,* 731 F.2d 1214, 1215-16 (5th Cir.1984) (per curiam), where the clerk's office misled appellant into thinking that no judgment had been entered, or *Prudential-Bache Securities, Inc. v. Fitch,* 966 F.2d 981, 985-86 (5th Cir.1992), where the clerk's office misled appellants into thinking that an order *had been* entered (and thus caused them to file a premature appeal). But there is nothing in the record to indicate that Latham's counsel made any effort to inquire into the status of her August 14, 1990, motion, even though that motion had been filed seventeen months prior to the time that Latham learned of its denial. Because Latham has failed to "show more than mere reliance on the clerk to give notice," *Wilson,* 725 F.2d at 258, her motion must be denied.

## C.

Latham's final argument in support of her February 21, 1992, Rule 60(b) motion is that the banks mailed their oppositions to her August 14, 1990, motions to the wrong address. Latham's counsel had supplied his correct address in the August 14 motions. The banks, however, mailed their oppositions to the address listed for Latham's counsel in the *Louisiana Legal Directory,* which touts itself as the official directory of the Louisiana State Bar Association. Latham argues that, if she had received the banks' oppositions, as Federal Rules of Civil Procedure 5(a) requires, she would have been able to file a reply brief. Nevertheless, we cannot agree with Latham that this error warrants the vacation of the district court's December 26 order. The court reasoned that, notwithstanding Latham's failure to file a reply brief, its order "was, in all respects, correct as to fact and law." We need not investigate the merits of that claim to conclude that it was within the court's discretion to deny Latham's motion. Latham does not explain, either in her memorandum in support of her Rule 60(b) motion or in her brief before this Court, what she could have said in a reply brief to state her case more convincingly than did her original motion and supporting memoranda.

### Conclusion

The district court's denial of Latham's February 21, 1992, motions is

AFFIRMED.