_____

No. 95-1861
_____

Bill Herron,                          *
                                      *
            Appellant,                *
                                      *
      v.                              *
                                      *
Macarthur Woodruff; Bill              *
Armontrout; Donald Cline; Henry       *
Jackson; Dale Riley; Dick Moore; *
George Lombardi; Bobby Whiteside;*
William L. Webster; John              *
Ashcroft; Cavanaugh, Sgt., C.O.       *
I; Arthur W. Dearixon,                *
                                      *   Appeal from the United States
            Appellees.                *   District Court for the
                                      *   Western District of Missouri.
--------------------                  *
                                      *        [UNPUBLISHED]
Bill Herron,                          *
                                      *
            Appellant,                *
                                      *
      v.                              *
                                      *
Bill Armontrout; Donald Cline;        *
Henry Jackson; Macarthur              *
Woodruff; Dick Moore; George          *
Lombardi; Dale Riley; Bobby           *
Whiteside; William Webster;           *
John Ashcroft; COI Cavanaugh;         *
Arthur W. Dearixon,                   *
                                      *
            Appellees.                *

_____

Submitted: April 19, 1996

Filed: May 2, 1996
_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
_____

PER CURIAM.

In this 42 U.S.C. § 1983 action, Missouri inmate Bill Herron appeals the district court's[1] rulings on his motions for relief from certain judgments, and his motion to disqualify the district court judge. We affirm.

We do not believe the district court judge abused his discretion in declining to recuse himself on grounds that he displayed hostility towards Herron and entered rulings adverse to Herron. See A.J. v. Kierst, 56 F.3d 849, 861-62 (8th Cir. 1995). We further conclude that the district court properly denied Herron's motions for relief from the July 1989 and August 1991 judgments dismissing his wrongful-transfer, retaliation, failure-to-investigate, and medical-needs claims. We note that the grounds asserted in these motions were merely a restatement of those asserted in an April 1992 Federal Rule of Civil Procedure 60(b) motion, which the district court denied. See Latham v. Wells Fargo Bank, 987 F.2d 1199, 1204 (5th Cir. 1993) (per curiam) (absent truly extraordinary circumstances, basis for second Rule 60(b) motion must be something other than that offered in first such motion). Although Herron complains that the district court failed to docket and consider a Rule 60(b) motion tendered in June 1990, we note that this motion also advanced the same unsuccessful grounds for relief from the July 1989 judgment as Herron raised in the April 1992 motion.

Appellees note Herron has repeatedly--and unsuccessfully--challenged his December 10, 1986 transfer to a more restrictive level of administrative segregation, and move this court to impose sanctions against him pursuant to Federal Rule of Appellate Procedure 38. Based on Herron's repeated attempts to relitigate an

---

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

-2-

issue that has already been decided against him, we agree his appeal is frivolous.  Thus, we grant appellees' motion for sanctions and assess $3,190 against Herron, representing attorney's fees and double costs.  We also enjoin Herron from filing any further pleadings concerning his December 10, 1986 transfer.

Accordingly, we affirm and impose the sanctions detailed above.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.