IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————

Nos. 96-20094 & 96-20095

Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WISTING FIERRO RUIZ,

Defendant-Appellant.

———————————

Appeals from the United States District Court
For the Southern District of Texas

———————————

(USDC No. CA H 95-1470)

October 18, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Wisting Fierro Ruiz appeals the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In a second appeal, he also challenges the district court's denials of various postjudgment motions and its order striking his "Emergency Motion for Summary Judgment," which Fierro filed after the district court had dismissed his § 2255 motion.

———————————

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

We do not have the authority to consider Fierro's appeal of the district court's dismissal his § 2255 motion. Fierro did not file his notice of appeal until more than 180 days after entry of the court's order. No matter what role the court clerk played in causing the delay, the federal rules do not allow courts to enlarge the time in which a litigant may file a notice of appeal after 180 days have elapsed. See Fed. R. Civ. P. 77(d) ("Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed . . . ."); Fed. R. App. P. 4(a)(6) (setting 180 days after entry of judgment as the last date on which a district court may re-open the time for appeal in cases in which a party does not receive notice of entry of judgment); Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1201-03 (5th Cir. 1993).

With respect to Fierro's second appeal, the district court struck his "Emergency Motion for Summary Judgment" in the § 2255 challenge because it was simply another effort to relitigate his conviction, which has already received ample attention. See United States v. Fierro, 38 F.3d 761 (5th Cir. 1994), cert. denied, ___ U.S. ___, 115 S. Ct. 1431 (1995). District courts have broad discretion in managing their dockets efficiently. Sims v. ANR Freight System, Inc., 77 F.3d 846, 848-49 (5th Cir. 1996); Matter of U.S. Abatement Corp., 39 F.3d 556, 560 (5th Cir. 1994). The district court did not abuse its discretion when it struck Fierro's belated attempt to challenge the denial of his § 2255 motion. By

2

the same token, it did not abuse its discretion when it denied Fierro's motions to supplement the record, to amend a pleading, to extend the time to appeal, and to obtain the court's findings.

Fierro also asks this court to strike the government's appellate brief, to impose sanctions against the government, and to allow him to supplement his appellate brief. For obvious reasons, we deny these motions.

Appeal number 96-20094 is DISMISSED for lack of appellate jurisdiction; the district court's actions challenged in appeal number 96-20095 are AFFIRMED; the remaining motions are DENIED.