IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60900
Summary Calendar
_____

MANUEL TORRES,

                                        Petitioner-Appellant,

versus

WALTER BOOKER, Superintendent of Mississippi
State Penitentiary; JAMES C. ANDERSON, Superintendent,
Mississippi State Penitentiary; MIKE MOORE, Attorney
General, State of Mississippi,

                                        Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:98-CV-55-LN
--------------------
July 19, 2000

Before POLITZ, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Manuel Torres, Mississippi prisoner # 45139, seeks a
certificate of appealability (COA) to appeal the denial of his
application for a writ of habeas corpus filed pursuant to 28
U.S.C. § 2254.  We must examine the basis of our jurisdiction, on
our own motion, if necessary.  Mosley v. Cozby, 813 F.2d 659, 660
(5th Cir. 1987).

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

A notice of appeal in a civil case is required to be filed within 30 days of the date of entry of the judgment. Fed. R. App. P. 4(a)(1)(A). The district court entered its final judgment in this case on April 27, 1999. Torres did not file a notice of appeal from this final judgment. On October 27, 1999, Torres filed a Fed. R. Civ. P. 60(b) motion asking the district court to reconsider and vacate its judgment, arguing that the district court had not considered his objections. The district court denied the motion in an order entered on October 29, 1999. Torres then filed a second motion to reconsider, asking the court to set aside its order and judgment of April 27 and to reconsider its order denying his first Rule 60(b) motion. Torres argued for the first time in this second motion that the district court had erred in adopting the magistrate judge's report and recommendation because the State had violated a local rule by failing to file a response to his objections or to give notice that it would not respond. The district court denied this motion in an order entered on November 23, 1999. Torres filed a notice of appeal from this order on December 16, 1999.

Any postjudgment motion that challenges the underlying judgment, requests relief other than correction of a purely clerical error, and is served more than ten days after judgment is entered, is treated as a motion under Fed. R. Civ. P. 60(b). Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986). The second motion for reconsideration was served on November 15, 1999, more than 10 days after entry of the

district court's order denying his first Rule 60(b) motion, and so this second motion was also a Rule 60(b) motion.

A Rule 60(b) motion may not be used as a substitute for a timely appeal. Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203 (5th Cir. 1993). Any Rule 60(b) motion raising substantially similar grounds as urged, or could have been urged, in an earlier motion is deemed successive, and any appeal based on such a motion is not reviewable by this Court. Id. at 1204; Charles L.M. v. Northeast Indep. Sch. Dist., 884 F.2d 869, 870 (5th Cir. 1989); Burnside v. Eastern Airlines, 519 F.2d 1127, 1128 (5th Cir. 1975). Torres did not timely appeal the district court's final judgment, and he did not file a timely notice of appeal from the order denying his first Rule 60(b) motion. His notice of appeal is timely only from the order denying his second, successive Rule 60(b) motion, which order cannot support an appeal. He cannot revive this lawsuit for appeal by filing a second Rule 60(b) motion and appealing from the denial of that motion. Latham, 987 F.2d at 1204.

Appellate jurisdiction has not been conferred on this court. Because we are without jurisdiction, we do not consider Torres' COA motion. IT IS ORDERED that this appeal is DISMISSED for lack of appellate jurisdiction.