Ray WORTHY, Plaintiff–Appellant,

v.

GENERAL LONGSHOREMEN'S WORKERS INTERNATIONAL LONGSHOREMANS ASSOCIATION, LOCAL NO. 3000; James Campbell; Gregory Lee; Mark Ellis; Ralph Walker; John Bowers; International Longshoremen's Association, Southern District; Benny Holland; International Longshoremen's Association, AFL–CIO, Defendants–Appellees.

No. 03–30176
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 2003.

Tracie J. Jackson, New Orleans, LA, for Plaintiff–Appellant.

William Lurye, Robein, Urann & Lurye, Metairie, LA, Elizabeth Alexander, Gleason & Mathews, New York, NY, James R. Watson, ILA S Atlantic & Gulf, Galveston, TX, for Defendant–Appellee.

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:*

Ray Worthy appeals the district court's denial of his FED. R. CIV. P. 4(a)(5) motion to extend his time for appeal. Because Worthy filed his motion to extend time for appeal within the thirty days after the

---

expiration of the time for appeal, the district court could grant the motion only upon a finding of excusable neglect. *See Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1202 (5th Cir.1993). Because FED. R.APP. P. 26 unambiguously provides for the exclusion of legal holidays in the computation of time only when the period is less than eleven days, the district court did not abuse its discretion in finding that Worthy had failed to demonstrate excusable neglect. *See Midwest Employers Cas. Co. v. Williams*, 161 F.3d 877, 882 (5th Cir.1998); *Latham*, 987 F.2d at 1202.

Worthy also appeals the district court's denial of his motion to review the clerk's assessment of costs against him. Worthy has not shown that the district court abused its discretion in finding that there was no reason to reduce the award of $75.00 in summons and subpoena fees, $727.65 in copying fees, and $39.22 in postage fees. *See Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir.2000). By failing to contest the clerk's award of $1,346.50 in court reporter fees, Worthy has waived any challenge to that award. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir.1993).

Worthy argues on appeal that the district court erred in granting the defendants' summary judgment motion and dismissing his claim. Because Worthy failed to file a timely notice of appeal from that judgment, we lack jurisdiction to consider the merits of his argument. *See Dison v. Whitley*, 20 F.3d 185, 186 (5th Cir.1994).

**AFFIRMED.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.