**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 12, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-30176
Summary Calendar

_____

RAY WORTHY,

                                        Plaintiff-Appellant,

versus

GENERAL LONGSHOREMEN'S WORKERS INTERNATIONAL LONGSHOREMANS
ASSOCIATION, LOCAL NO. 3000; JAMES CAMPBELL; GREGORY LEE;
MARK ELLIS; RALPH WALKER; JOHN BOWERS; INTERNATIONAL
LONGSHOREMEN'S ASSOCIATION, SOUTHERN DISTRICT; BENNY HOLLAND;
INTERNATIONAL LONGSHOREMEN'S ASSOCIATION, AFL-CIO,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 01-CV-3683-R
--------------------

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Ray Worthy appeals the district court's denial of his
FED. R. CIV. P. 4(a)(5) motion to extend his time for appeal.
Because Worthy filed his motion to extend time for appeal within
the thirty days after the expiration of the time for appeal,
the district court could grant the motion only upon a finding
of excusable neglect.  See <u>Latham v. Wells Fargo Bank, N.A.</u>,

---

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

987 F.2d 1199, 1202 (5th Cir. 1993). Because FED. R. APP. P. 26 unambiguously provides for the exclusion of legal holidays in the computation of time only when the period is less than eleven days, the district court did not abuse its discretion in finding that Worthy had failed to demonstrate excusable neglect. See Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 882 (5th Cir. 1998); Latham, 987 F.2d at 1202.

Worthy also appeals the district court's denial of his motion to review the clerk's assessment of costs against him. Worthy has not shown that the district court abused its discretion in finding that there was no reason to reduce the award of $75.00 in summons and subpoena fees, $727.65 in copying fees, and $39.22 in postage fees. See Gibbs v. Gibbs, 210 F.3d 491, 500 (5th Cir. 2000). By failing to contest the clerk's award of $1,346.50 in court reporter fees, Worthy has waived any challenge to that award. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Worthy argues on appeal that the district court erred in granting the defendants' summary judgment motion and dismissing his claim. Because Worthy failed to file a timely notice of appeal from that judgment, we lack jurisdiction to consider the merits of his argument. See Dison v. Whitley, 20 F.3d 185, 186 (5th Cir. 1994).

**AFFIRMED.**