**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 21, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60770
Conference Calendar
_____

JIMMY CULBERT,

Plaintiff-Appellant,

versus

MISSISSIPPI DEPARTMENT OF CORRECTIONS HOSPITAL;
JOHN BERRY, In his individual and official
capacities as Medical Director of Mississippi
Department of Corrections Hospital; BILL STIEGER,
In his individual and official capacities as
Administrator of Mississippi Department of
Corrections Hospital; LISA TUCKER, In her
individual capacity as medical nurse of
Mississippi Department of Corrections Hospital;
SHOND PHELON, Dr, In her individual capacity as
doctor of Mississippi Department of Corrections Hospital,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:03-CV-220-DA
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jimmy Culbert, Mississippi prisoner # R2343, has filed a

notice of appeal following the dismissal of his 42 U.S.C. § 1983

complaint for failure to exhaust administrative remedies.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We have a duty, *sua sponte*, to examine our appellate jurisdiction. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Culbert's first post-judgment motion, the motion for reconsideration, was filed within 10 business days of the entry of judgment. It thus suspended the time for filing a notice of appeal until the motion was denied. See FED. R. APP. P. 4(a)(4)(A)(iv); Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 667 (5th Cir. 1986). Culbert did not file a notice of appeal from the judgment, or from the denial of the first post-judgment motion, within the next 30 days, however. Instead, he filed his second post-judgment motion, the motion for "rehearing." This second motion, filed more than 10 days after entry of final judgment, did not toll the time in which Culbert had to file a notice of appeal from the final judgment or the denial of the first post-judgment motion. See FED. R. APP. P. 4(a)(4)(A); Harcon Barge, 784 F.2d at 667; see also Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1203 (5th Cir. 1993) (litigant may not use second Rule 60(b) motion to circumvent time limits for the appeal). However, because Culbert's notice of appeal was filed within 30 days of the denial of the second post-judgment motion, it was timely with respect to the denial of that motion. Our jurisdiction is thus limited to the denial of the second post-judgment motion. Review is for abuse of discretion. See Latham, 987 F.2d at 1203.

Culbert argues that the district court erred in denying his second post-judgment motion without hearing the merits of his civil rights claims. Whether Culbert's complaint set forth the elements of a civil rights claim is immaterial to the district court's denial of his post-judgment motion given that the district court dismissed the complaint for failure to exhaust administrative remedies. Culbert thus has failed to show that the district court abused its discretion by denying the motion. Culbert's motion for the appointment of counsel is DENIED.

AFFIRMED; MOTION DENIED.