TUPUOLA SATELE, for himself and on behalf of the TUPUOLA FAMILY, Plaintiffs,

v.

SU`ESU`EMANOGI WILLIAMS, MARY WILLIAMS, and DOES 1-10, Defendants.

---

TUPUOLA SATELE for the TUPUOLA FAMILY, Claimants,

v.

TU`ULAUPUA MARY, ENELIKO JR. KELETI, NOFOA ALO STEFFANY, PALOA LUPEOMATASILA, JANOI JOHN WILLIAMS, SINGER MOORE, LEVEL NAUFAHU, FA`ATUPUNU`U J.W., LEAO H. WILLIAMS, and TONY WILLIAMS, Objectors.

High Court of American Samoa
Land and Titles Division

LT No. 07-94
LT No. 12-95

June 14, 2004

Before RICHMOND, Associate Justice, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiffs/Claimants, Asaua Fuimaono
For Defendants/Objectors, Robert K. Maez

270

# ORDER DENYING MOTION FOR RECONSIDERATION

On February 20, 2004, we denied Defendants/Objectors ("the Williams family") motion for relief from judgment and for a new trial under T.C.R.C.P. 60(b). The Williams family moved for reconsideration of our decision on March 1, 2004. We deny the motion for reconsideration because it is effectively a second T.C.R.C.P. 60(b) motion on the same grounds as a prior T.C.R.C.P. 60(b) motion.

■ Orders denying T.C.R.C.P. 60(b) motions are final and appealable. *Gulf Coast Fans, Inc. v. Midwest Electronics Importers*, 740 F.2d 1499, 1507 (11th Cir. 1984); 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.68 (3D ED. 1999). To appeal a judgment, A.S.C.A. § 43.0802 requires a party to file a motion for new trial "within 10 days after the date of entry of the judgment or order appealed form." A.C.R. 4.

■ After we deny a T.C.R.C.P. 60(b) motion, "a party may not simply file a second Rule 60(b) motion on the same grounds in lieu of an appeal." *Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1204 (5th Cir. 1993); *see* 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 60.69 (3D ED. 1999). Permitting consideration of the second T.C.R.C.P. 60(b) motion would inappropriately allow the movant to "resurrect the . . . expired time period in which to appeal the denial of the first motion." *Latham*, 987 F.2d at 1204.

We find that the Williams family's motion for reconsideration is a second T.C.R.C.P. 60(b) motion based on the same grounds as the previous T.C.R.C.P. 60(b) motion. First, the motion does not seek a new trial within the 10-day time limit required for an appeal. Second, the Williams family fails to advance any argument beyond what they asserted in their first T.C.R.C.P. 60(b) motion. Here, they argue under T.C.R.C.P. 60(b)(6) that Counsel Salanoa's actions constituted ineffective assistance of counsel. In their first T.C.R.C.P. 60(b) motion, they made this argument. (Def./Obj. mot. for new trial or relief from judgment at 4.) We considered the argument on the grounds of T.C.R.C.P. 60(b)(4) and 60(b)(6). *Tupuola v. Williams*, LT No. 7-94, slip op. at 4-5 (Land and Titles Div. Feb. 20, 2004).

Accordingly, the redundant reconsideration motion is properly denied.

## Order

1. The motion of Defendants/Objectors for reconsideration is denied.

271

2. Defendants/Objectors shall vacate Plaintiffs/Claimants' communal land on June 15, 2004, in accordance with the Court's bench orders issued on March 1, 2004, and confirmed on March 23, 2004.

It is so ordered.