FILED
United States Court of Appeals
Tenth Circuit

December 9, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

  Plaintiff-Appellee,

v.

JOSE ESTEBAN GUERRERO,

  Defendant-Appellant.

No. 08-2150

District of New Mexico

(D.C. No. 02-CR-00953-BB-1 and
05-CV-01074-BB-1)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

Jose Esteban Guerrero, a federal prisoner proceeding *pro se*, seeks a certificate of appealability (COA) that would allow him to appeal from the district court's order denying his habeas corpus petition under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B). Because we conclude that Mr. Guerrero has failed to make "a substantial showing of the denial of a constitutional right," we deny his request for a COA and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

**Background**

Mr. Guerrero was charged with illegal reentry and distribution of methamphetamine. The distribution charge was initially dropped, and Mr.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

Guerrero pled guilty to the reentry charge. He was sentenced to eighteen months. But the government again brought distribution charges, apparently based on the same transaction as the previously dropped distribution charge. Mr. Guerrero was convicted on all charges, and sentenced to life in prison because he had two prior felony drug convictions. The convictions were affirmed on appeal. *See United States v. Guerrero*, 89 Fed. Appx. 140, 2004 WL 188194 (10th Cir. 2004).

Mr. Guerrero then sought § 2255 relief, raising two issues: 1) that his counsel had coerced him into pleading guilty to the illegal reentry charge; and 2) that his counsel was ineffective. The magistrate recommended that the § 2255 motion be denied, and the district court accepted the recommendation. A final order of dismissal was entered on May 30, 2007.

Mr. Guerrero filed a notice of change in the law on February 19, 2008, more than eight months after the final order was issued. The district court, treating the notice as a Rule 60(b) motion, denied it. Mr. Guerrero then filed a "motion to be provided with court's judgment order rendered sometime in 2007." Mr. Guerrero claimed that he had never received notice of the final judgement on his § 2255 motion. He prayed for "'out-of-time' leave for notice of appeal." The district court denied the motion.

Mr. Guerrero filed another motion on March 13–this one explicitly a Rule 60(b) motion–stating that he had no "opportunity to appeal and apply for COA." He asked to be provided with a copy of the judgment against him, and also for

leave to appeal. This order was denied on May 22, 2008, with the court noting that Mr. Guerrero had filed a notice of change of address on May 7, 2007 (before the final order went out) and the court sent the order to that address in Tuscon, Arizona. The court also observed that Mr. Guerrero mailed his notice of change of law (dated February 4, 2008) "from the same Arizona address." The district court deemed that the order was therefore "properly served" on Mr. Guerrero.

Mr. Guerrero filed yet another motion, this one for reconsideration, on June 23, 2008. He stated again that he had not received the notice of final judgment, and swore an affidavit to that effect. The motion was denied.

Mr. Guerrero then filed another motion, entitled "Defendant's Excusable Negligence Notice of Appeal." The district court, treating it as an application for a certificate of appealability, denied it.

Mr. Guerrero now seeks a COA from this court.

## Discussion

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed

further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

Under Federal Rule of Appellate Procedure 4(a)(1)(B), in cases where the United States is a party, a notice of appeal must be filed within 60 days. Mr. Guerrero did not file *anything* until nearly a year after the final order was issued in his § 2255 motion. Ordinarily, Mr. Guerrero's appeal could be dismissed as untimely. *See Bowles v. Russell*, 127 S.Ct. 2360, 2363–64 (2007) (taking of an appeal within the prescribed time is "mandatory and jurisdictional"). Mr. Guerrero says, however, that he never received the final order, and in his appeal before this court he includes an affidavit from Jose Gonzalez—who claims to have (mistakenly) received Mr. Guerreo's final order. Mr. Guerrero does seem to have a copy of the district court's opinion now, as he refers to it in his notice of appeal to this court.

According to Federal Rule of Appellate Procedure 4(a)(6), a district court may reopen the time for filing an appeal upon a motion that is "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice . . . of the entry, whichever is earlier[.]" Mr. Guerrero's first motion, indicating a change in the law, was filed over 180 days after the final order was issued; moreover, it appears Mr. Guerrero did not file his motion for leave to appeal until more than seven days after he claims he received actual notice of the judgment. The order denying his "notice re: change in the law,"

which informed him of a judgment against him in 2007, was entered on February 29, 2008, and Mr. Guerreo did not file his next motion until March 13, 2008. This latter point is of course irrelevant, as the federal rule specifies, clearly, that there is a 180-day limit to the filing of appeals. Even if Mr. Guerreo had filed his appeal immediately after the district court denied his notice regarding the change in the law, his appeal would still have been untimely. And "nothing within Rule 4(a)(6) indicates it is permissive or that its limitations may be waived for equitable reasons." *Clark v. Lavallie*, 204 F.3d 1038, 1040 (10th Cir. 2000). Accordingly, Mr. Guerrero's appeal was untimely and he is not entitled to a COA.. No reasonable jurist would conclude otherwise.

We pause to observe that it is unclear whether all of the confusion regarding Mr. Guerrero's address was due to the court system or to Mr. Guerrero himself. The district court seems to have reasonably relied on the information Mr. Guerrero himself supplied about his location in his notice of change of address. Moreover, "parties have a duty to inquire periodically into the status of their litigation." *Latham v. Wells Fargo Bank*, 987 F.2d 1199, 1201 (5th Cir. 1993). Mr. Guerrero might have taken it upon himself to investigate why so long a period of time had passed before he heard anything—good, bad, or indifferent—about his suit. He did not.

## Conclusion

Accordingly, we **DENY** Mr. Guerrero's request for a COA and **DISMISS** this appeal. Mr. Guerrero's request to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge