# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2010

No. 09-40499
Summary Calendar

Charles R. Fulbruge III
Clerk

DAVID J. DAVIS,

Plaintiff-Appellant

v.

DELAROSA, Sergeant; HILL, Officer; CONCABA, Sergeant; GARY JOHNSON,
Texas Prison Director; JOSE DELAROSA, Sergeant; HILL, Corrections Officer;
JOHN DOE, Corrections Officer; RAMON COVARRUBIAS; STEVEN
KONCABA,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:06-CV-368

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:*

David J. Davis, Texas prisoner # 582332, has filed a motion for leave to

proceed in forma pauperis (IFP) on appeal from the district court's denial of a

motion he filed pursuant to Federal Rule of Civil Procedure 60(b) challenging the

dismissal of his 42 U.S.C. § 1983 civil rights action. By filing such a motion,

Davis is challenging the district court's certification, pursuant to 28 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

§ 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that any appeal would not be taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Davis also has filed a motion for the appointment of counsel to represent him on appeal.

A motion for leave to proceed IFP on appeal filed in this court "must be directed solely to the trial court's reasons for the certification decision." *Baugh,* 117 F.3d at 202. A notice of appeal from the denial of a Rule 60(b) motion in a civil proceeding does not bring up the underlying judgment for review. *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993).

Although Davis raises several arguments pertaining to the dismissal of his § 1983 complaint, he has not addressed the district court's reasons for denying his Rule 60(b) motion. By failing to allege any abuse of discretion in the district court's denial of Rule 60(b) relief, he has abandoned the only cognizable issue before this court. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas County Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, this court already has affirmed the district court's decision to grant the defendants' motion for a summary judgment in Davis's underlying civil action. *Davis v. Johnson*, No. 08-41329, 2009 WL 4325214 at *1 (5th Cir. Dec. 2, 2009) (unpublished). Davis has not demonstrated that he will raise a nonfrivolous issue on appeal. *See* § 1915(a).

Davis's motions for leave to proceed IFP and for the appointment of counsel are denied. Because his appeal is frivolous, *see Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983), it is dismissed. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of the instant appeal as frivolous constitutes a strike under 28 U.S.C. § 1915(g). As Davis has accumulated at least three strikes under § 1915(g), he is hereby put on notice that he may not proceed IFP in any civil action or appeal filed while he is in prison unless he "is under imminent danger

of serious physical injury." § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir.1997).[1]

> IFP AND APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.

---

[1] Davis accumulated two strikes under § 1915(g) in *Davis v. Bryant*, No. 04-40471, at 1-2 (5th Cir. Dec. 17, 2004), and *Davis v. Bryant*, No. 6:03-CV-564, at 1 (E.D. Tex. Mar. 17, 2004).