# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-30564
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 7, 2019

Lyle W. Cayce
Clerk

CLAY RIGGS,

Plaintiff-Appellant

v.

POLICE DEPARTMENT WINN PARISH; CRAWFORD JORDAN; STACY JOHNSON; JEREMY UNDERWOOD; STATE OF LOUISIANA; OFFICER HAGGAN; OFFICER WOMACK; KELLEY FANNIN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CV-1134

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.
PER CURIAM:*

In August 2016, Clay Riggs, while a pre-trial detainee, filed a 42 U.S.C. § 1983 complaint against the Winn Parish Sheriff's Department, various employees of that department, and the State of Louisiana, alleging that certain defendants violated his constitutional rights by arresting and wrongfully incarcerating him. The district court's judgment dismissing his complaint

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-30564

without prejudice for failure to prosecute was entered on March 15, 2017. Riggs filed a notice of appeal over a year later.

We must consider, sua sponte when necessary, whether we have jurisdiction over an appeal. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). In a civil case, a timely notice of appeal is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Relative to the district court's March 15, 2017 judgment, Riggs's April 27, 2018 notice of appeal was untimely. FED. R. APP. P. 4(a)(1)(A) (notice of appeal must be filed 30 days after entry of judgment or order).

Nor is Riggs' appeal saved by the district court's April 19, 2018 denial of his appeal of the magistrate judge's April 4, 2018 order declaring his March 2018 motion for summary judgment moot. Because the motion for summary judgment was filed more than 28 days after the March 15, 2017 judgment, we consider the motion as one seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. A notice of appeal from the denial of a Rule 60(b) motion in a civil proceeding, however, is not a substitute for appeal and does not bring up the underlying March 15, 2017 judgment for review. *Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010) (citing *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203–04 (5th Cir.1993)).

Furthermore, we review the denial of a Rule 60(b) motion for abuse of discretion. *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009). In his appellate brief, Riggs explains neither his failure to timely appeal the March 15, 2017 judgment of dismissal or his delay in filing the summary judgment motion. He likewise fails to address any bases that may justify the grant of a Rule 60(b) motion. Accordingly, we find no abuse of discretion by the district court in denying the motion.

No. 18-30564

Because Riggs' notice of appeal was untimely relative to the district court's March 15, 2017 judgment, his appeal of that judgment is DISMISSED for lack of jurisdiction. Considering Riggs' motion for summary judgment as a Rule 60(b) motion, the district court's April 19, 2018 order, denying Riggs' appeal of the magistrate judge's April 4, 2018 order, is AFFIRMED. We also DENY Riggs' motion for a restraining order.