# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2021

Lyle W. Cayce
Clerk

No. 19-40924
Summary Calendar

Eric Watkins,

*Plaintiff—Appellant*,

*versus*

Numerous Bureau of Prison Officials; Carter, *Lieutenant*; Numerous Unknown Correctional Officers; Upton, *Warden*; Adushe, *Associate Warden*; Good, *Captain*; Coltrane, *Captain*; Bureau of Prison Officials in the Regional & Central Offices,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:11-CV-399

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-40924

Eric Watkins, formerly a federal prisoner at the Federal Correctional Institution at Beaumont, Texas, filed this action against numerous Bureau of Prisons officials pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The district court dismissed Watkins's complaint for failure to state a claim because his claims were barred by the applicable statute of limitations.

According to Watkins, the district court violated his due process rights because it dismissed his complaint without giving him a fair chance to file objections, even though the court knew that he did not receive the magistrate judge's (MJ) report. We generally review a legal question concerning a due process claim de novo. *See Heaven v. Gonzales*, 473 F.3d 167, 171 (5th Cir. 2006); *see also In re Kendavis Holding Co.*, 249 F.3d 383, 385–86 (5th Cir. 2001). Because Watkins received actual notice of the first MJ report, which recommended a time bar dismissal, there was no constitutional defect in the failure to send him the second MJ report, which did the same. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010). Likewise, he received actual notice of the judgment, so his constitutional due process rights were satisfied. *See id.*

Watkins's right to notice under procedural rules is distinct from the constitutional right to due process. *See id.* Under Rule 11(d) of the Local Rules for the Eastern District of Texas, Watkins was responsible for keeping the clerk advised of his current address. He also had a duty to inquire into the status of his litigation periodically. *See Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201 (5th Cir. 1993). The clerk's office mailed notice of the MJ's report and the district court's judgment to the last known address provided by Watkins. Notice mailed to his last known address was sufficient. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 142 (5th Cir. 1996); *see also* Fed. R. Civ. P. 5(b)(2)(C). The post office returned the mail to the clerk's office with a stamp stating that the forwarding notice had expired and listing

a different address for Watkins.  This notification reflects that by the time the MJ's report was issued, Watkins's address had changed, and he had not notified the court of his current address.  Further, it is apparent that Watkins suffered no prejudice as he filed objections to the first MJ report which, like the second, recommended a time bar dismissal.  *See* FED. R. CIV. P. 61. Given that the district court found that he had shown excusable neglect for his late filing of his notice of appeal, it is also apparent that Watkins did not suffer any prejudice due to the district court clerk's office's failure to send notice of the judgment to him.  *See id.*

Watkins does not brief, and has thus abandoned, any challenge to the district court's determination that his claim was barred by the applicable two-year statute of limitations.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.